**STATE of Iowa, Appellee,**

v.

**David Peter BELL, Appellant.**

**No. 55599.**

Supreme Court of Iowa.

Sept. 19, 1973.

Rehearing Denied Nov. 9, 1973.

O'Brien, Galvin & O'Brien, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen., and Zigmund Chwirka, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

MOORE, Chief Justice.

Defendant appeals from judgment on his guilty plea conviction for the crime of lascivious acts with a child in violation of Code section 725.2. We affirm.

Defendant asserts the trial court failed to sufficiently comply with the guideline established by State v. Sisco, Iowa, 169 N. W.2d 542. He argues the record does not establish waiver of his right to a jury trial and to confront his accusers. Also that the court failed to determine there was a factual basis for the plea and the court should have again followed the Sisco guideline at the time of sentencing.

After a preliminary hearing in the Sioux City Municipal Court on September 24,

1970 defendant, David Peter Bell, was bound over to the Woodbury County Grand Jury. On December 30, 1970 a county attorney's information was filed charging defendant with the crime of lascivious acts with a child in violation of Code section 725.2.

On March 22, 1971, Michael S. Walsh, assistant county attorney, defendant and his attorney James D. Hart appeared before District Judge Lawrence W. McCormick. The following occurred:

"THE COURT: Mr. Walsh, will you start the proceedings, please? MR. WALSH: Yes, Your Honor, may it please the court, Mr. Hart, this matter is information number 35548 criminal, State of Iowa against David Peter Bell. The defendant has previously appeared in court and on January 5, 1970 appeared in person, waived formal arraignment and was given time to move or plead. Various motions were filed and ruled on, and on January 28, 1971, the defendant appeared in person and with his attorney and entered a not guilty plea to the charge. The date for trial was set, and the defendant is here in person with his attorney, Mr. Hart, to address the court in this matter.

"THE COURT: All right, Mr. Hart. MR. HART: If it pleases the court, the defendant at this time requests permission of the court to withdraw his plea of not guilty previously entered in this case.

"THE COURT: The defendant's request to withdraw his plea of not guilty previously entered is granted. Mr. Hart. MR. HART: At this time the defendant, David Peter Bell, would enter his plea of guilty to the information—to the offense charged in the information. And as attorney for the defendant I would request permission of the court to be heard and make a short record prior to any record to be made by the court.

"THE COURT: All right. You may. You may be seated, Mr. Bell.

"MR. HART: If it please the court and Mr. Walsh, Mr. Bell and I have discussed this case at length. I first came to represent Mr. Bell on this charge sometime late last summer, in either August or September. I have lived with this case for some five or six months and discussed it at length at various different times with Mr. Bell. To the best of my ability, I have informed Mr. Bell of the different alternatives, the possibility of trial and of pleading guilty to this information. I have not made any recommendations to the defendant as far as entering this plea at this time and would respectfully request the court to fully interrogate the defendant as to the charge in this case. I have made no recommendations. I do wish the court to determine that the plea on the part of the defendant is wholly of his own volition. Thank you.

"THE COURT: All right. Now, Mr. Bell, you've heard the statements your counsel, Mr. Hart, has made to the court, have you not? MR. BELL: Yes.

"THE COURT: And you heard the court grant permission to you to withdraw your plea of not guilty of the offense charged in the information? MR. BELL: Yes, sir.

"THE COURT: And do you wish now to enter a plea to the charge? MR. BELL: Yes, sir, Your Honor.

"THE COURT: What is your plea? MR. BELL: Guilty.

"THE COURT: All right. Now, you are accused in this county attorney's information that was filed December 30, 1970, having committed the crime of lascivious acts with a child, alleged to have occurred on or about July 2, 1970, in Woodbury County, Iowa, and this charge is alleged to be in violation of section 725.2 of the 1966 Code of Iowa. Now, that section provides as punishment imprisonment in the penitentiary not more than three years or by imprisonment in the county jail not

more than six months or by fine not exceeding $500.00. Are you aware that this is the potential range of punishment in this case? MR. BELL: Yes.

"THE COURT: And you have entered a plea of guilty to the charge. Is this your own independent, voluntary decision? MR. BELL: Yes.

"THE COURT: Has anyone induced or encouraged you to plead guilty, by means of any threats or promises to you? MR. BELL: No.

"THE COURT: And are you satisfied with the representation that Mr. Hart, your attorney, has given you in this case? MR. BELL: Yes.

"THE COURT: Have you had an opportunity to fully and completely and to your satisfaction discuss the facts of this case with Mr. Hart, your attorney? MR. BELL: Yes.

"THE COURT: And do you understand that by pleading guilty you are admitting that you are in fact guilty of the crime charged? MR. BELL: Yes.

"THE COURT: Now, I have read the minutes of testimony in this case, and from the minutes the person involved is, according to the minutes, one Elaine Eichman. I understand she is a step-daughter of yours. Is that correct? MR. BELL: She has never been adopted; she lives in our home.

"THE COURT: She is the daughter of your wife, is that it? MR. BELL: Yes.

"THE COURT: But not of you? MR. BELL: No.

"THE COURT: And you never have adopted her? MR. BELL: No.

"THE COURT: And have you read the minutes that are attached to this information with respect to what is alleged happened at that time, that is, on July 2nd? MR. BELL: Mr. Hart read them to me.

"THE COURT: And are you aware of what they recite? MR. BELL: Yes.

"THE COURT: And can you say whether or not the recitations in those minutes are correct or incorrect? MR. BELL: The facts, you mean?

"THE COURT: Yes. MR. BELL: They are correct.

"THE COURT: They are correct? MR. BELL: Yes.

"THE COURT: So that you are stating to the court that you know what the minutes of testimony contained in the information say? MR. BELL: What?

"THE COURT: You know what those minutes say? MR. BELL: Yes.

"THE COURT: That is, when I say minutes, I mean the brief statement of what the testimony of each witness would be. MR. BELL: Yes.

"THE COURT: As set out in the minutes here. MR. BELL: Yes.

"THE COURT: You know what they say, do you? MR. BELL: The testimony of the people?

"THE COURT: Yes. MR. BELL: Yes.

"THE COURT: Now, I want to know whether or not you agree that what is said in those minutes is true. MR. BELL: I'm not sure, Judge.

"THE COURT: Well, do you want to take a minute and look them over? MR. BELL: Yes.

(Defendant examines paper).

"THE COURT: Now you have had a chance to read over the minutes attached to the information, have you? MR. BELL: Yes.

"THE COURT: I am speaking only of what those minutes say with regard to the child, Elaine Eichman. MR. BELL: Uh-huh.

"THE COURT: And are you now, after having read the minutes, able to say that

the minutes do state what the facts are and what occurred at the time in question, July 2, 1970, between you and Elaine Eichman? MR. BELL: Yes.

"THE COURT: Then the court accepts the plea of guilty entered by the defendant as being voluntary. You may be seated. Time for sentencing is fixed for April 6, 1971 at 11:00 a. m. Presentence report is ordered prepared and submitted to the court on or before the time set for sentencing by an agent of the Iowa Bureau of Adult Corrections Services. Thank you.

On April 6, 1971 the court referred to defendant's earlier guilty plea and inquired whether there was any legal cause why judgment should not then be pronounced. Defendant answered in the negative. The presentence report was discussed by the attorneys. Mr. Hart reviewed at length defendant's good record and requested a bench parole be granted. The prosecutor in opposition thereto included reference to alleged misconduct of defendant with other children in the family. The trial court after a study of the presentence report, stated he found no mitigating circumstances and sentenced defendant to serve a term of not to exceed three years in the men's reformatory.

■ I. The record is undisputed the trial court made no attempt to repeat on April 6 the personal interrogation of defendant as required by Sisco before accepting a plea. Defendant cites no authority and we find none requiring such repetition.

In State v. Sisco, supra, Iowa, 169 N.W. 2d 542, 549, we state:

"* * * [W]hen a guilty plea is entered by defendant, the court must address the accused personally and by that procedure heretofore prescribed determine whether he understands the charge made, is aware of the penal consquences of the plea, and that it is entered voluntarily. Nothing less will suffice." (Emphasis added).

■ II. The guidelines established by Sisco do not require a ritualistic or rigid formula for the court's interrogation. Meaningful compliance is the requirement. State v. Bledsoe, Iowa, 200 N.W.2d 529, 531; State v. Sisco, supra, 169 N.W.2d 542, 548.

■ The trial court's compliance with the standards approved by Sisco is not a complete substitute for advice of counsel. Its purpose is to complement defendant's right of counsel to insure that defendant's plea meets the formal requisites for the plea. State v. Christensen, Iowa, 201 N.W.2d 457, 459; State v. Mehuys, Iowa, 172 N.W.2d 131, 136.

■ Over a period of several months defendant's attorney, Mr. Hart, had counseled defendant. He had been fully informed of the possibility of a jury trial and the alternative of pleading guilty. The trial court was so made aware and although not specifically stated it is reasonable to conclude defendant's answers acknowledge his right to a jury trial in the absence of the guilty plea. Defendant confronted the witnesses at the preliminary hearing. Based on the entire record we conclude defendant knew his right to a jury trial and to confront his accusers. We find he knowingly waived those rights. Defendant in response to the court's inquiry acknowledged the factual basis for the charge to which he entered his plea of guilty.

We hold there was meaningful compliance with the Sisco guidelines. Defendant knowingly and voluntarily entered his plea of guilty to the crime of lascivious acts with a child as charged. We find no ground for reversal.

The judgment of the lower court is affirmed.

Affirmed.