ERNESTO R. QUINTANA *v.* CARL ROBINSON, WARDEN OF CONNECTICUT CORRECTIONAL INSTITUTION, SOMERS

| SUPERIOR COURT | HARTFORD COUNTY | FILE No. 178950 |
| --- | --- | --- |

Memorandum filed December 27, 1973

*Michael L. Robbins,* of East Hartford, for the plaintiff.

*Harry S. Gaucher, Jr.,* state's attorney, for the defendant.

STAPLETON, J. This habeas corpus petition was filed November 8, 1972. The petitioner is presently incarcerated in the state correctional institution at Somers, Connecticut.

In lieu of offering testimony, the parties entered into a stipulation of facts, dated September 19, 1973, which provided as follows:

(1) On July 2, 1971, the plaintiff, along with an accused hereinafter referred to as R, and two others, was arrested for the crimes of sale and possession of heroin in the city of Willimantic in violation of General Statutes §§ 19-480 (a) and 19-481 (a).

(2) It was the belief of state authorities that all four accused were involved with selling heroin in the Willimantic area for many months prior to their arrests and that they were "associated" in their illegal activities. This fact was known to the plaintiff before he entered his guilty pleas hereafter discussed.

(3) The accused R was charged with three counts of sale of heroin, three counts of possession of heroin, and one count of possession of a controlled drug, and the plaintiff was charged with one count of sale of heroin, one count of possession of heroin, one count of theft of a motor vehicle, and one count of giving false information in the purchase of a pistol. This fact was known to the plaintiff before he entered his guilty plea.

(4) In September of 1971, the accused R was arrested by federal authorities for conspiring to distribute heroin, and this fact was known to the plaintiff before he entered his guilty plea.

(5) The accused R was convicted by a jury of the federal charge on March 16, 1972, and this fact was known to the plaintiff before he entered his guilty plea.

(6) On February 18, 1972, the accused R pleaded guilty to two counts of sale of heroin and two counts of possession of heroin in Windham County Superior Court, and this fact was known to the plaintiff before he entered his guilty plea.

(7) On March 17, 1972, minutes before the plaintiff pleaded, the court by *Barber, J.,* accepted the recommendation of the state's attorney and sentenced the accused R as follows: Not less than five nor more than six years on two sale counts and not less than two nor more than four years on two possession counts, all concurrent. Execution of the sentences under the sale counts was suspended and R placed on probation for two years, the probation to start after release from the correctional institution upon serving the two to four years under the possession counts. The remaining counts were nolled.

(8) The plaintiff was in the courtroom while *Barber, J.,* sentenced the accused R and witnessed all that transpired.

(9) Immediately subsequent to the sentencing of the accused R, the plaintiff pleaded guilty to one count of sale of heroin and one count of possession of heroin, with no plea being taken to the other two counts of the information.

(10) On April 14, 1972, the state's attorney recommended the following sentence for the plaintiff: On the possession count, not less than two nor more than five years to serve; on the sale count, not less than five nor more than seven years, execution sus-

pended and two years probation upon release after serving the sentence under the possession count. The state's attorney nolled the other two counts.

(11) The court by *Dannehy, J.,* disregarded the recommendation and sentenced the plaintiff as follows: On the sale count, not less than six nor more than eight years, and on the possession count, a term of two years, for an effective sentence of not less than six nor more than ten years to serve.

(12) The plaintiff's plea of guilty resulted from plea bargaining which led to the state's attorney's recommendation, and the plaintiff believed that the recommendation of the state's attorney would be accepted by the court.

(13) On June 16, 1972, the plaintiff filed a motion to withdraw his guilty pleas, and the court by *Dannehy, J.,* on July 27, 1972, deferred the decision on this motion to *Barber, J.,* and on August 8, 1972, *Barber, J.,* denied the motion.

The habeas corpus petition in this case is formed to seek relief on the ground that (1) the plaintiff's guilty pleas were not voluntary, and (2) the plaintiff was not allowed to withdraw his plea of guilty when the judge failed to accept the "plea bargain" recommendation made by the state's attorney. The issue before this court is whether a defendant must be permitted to withdraw his guilty plea when the "plea bargain" recommendation made by the state's attorney is disregarded by the sentencing judge.

The process of "plea bargaining" has been the subject of a recent decision by the United States Supreme Court. In *Santobello* v. *New York,* 404 U.S. 257, 260, it was stated: "The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the admin-

istration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities." The *Santobello* case essentially stands for the proposition that a prosecutor must fulfil promises he has made to the defendant in the plea bargaining process. Id., 262.

There is also a line of authority which indicates that a defendant should be permitted to withdraw a "bargained-for" guilty plea when the "bargained-for" recommendation of the prosecutor is not followed by the sentencing judge. In *United States ex rel. Culbreath* v. *Rundle,* 466 F.2d 730, 734, the United States Court of Appeals for the Third Circuit held that withdrawal of a guilty plea must be permitted where the judge determines that the "plea-bargained" sentence recommendation of the prosecutor is not acceptable: "Santobello teaches us that a defendant's 'no promises' declaration when he pleads guilty pursuant to 'plea bargaining' is not inviolable. We agree that an '[E]xamination of the defendant alone will not always bring out into the open a promise that has induced his guilty plea. It is well known that a defendant will sometimes deny the existence of a bargain that has in fact occurred, . . . out of fear that a truthful response would jeopardize the bargain.' *Walters* v. *Harris,* 460 F.2d 988, 993 (4th Cir. 1972). It is within the sound discretion of the sentencing judge to determine whether the interest of justice will be served by accepting the prosecutor's recommendation. However, 'the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.' 404 U.S. p. 262 . . . . There can be no misinterpretation of the following lan-

guage from *Santobello:* '[A] constant factor [in
the disposition of charges after the plea discussions]
is that when a plea rests in any significant degree on
a promise or agreement of the prosecutor, so that
it can be said to be part of the inducement or con-
sideration, such promise must be fulfilled.' p. 262
. . . . There is nothing inherently wrong in honest
plea bargaining. In our case the Assistant District
Attorney and defendant's counsel negotiated a plea
bargain. Defendant was to change his not guilty to
a guilty plea to the murder indictment. The Govern-
ment would recommend to the court that Culbreath
receive a two year sentence at Broadmeadows and
after imposition of sentence the remaining indict-
ments would be dismissed. The 'essence of those
promises' was made known to the trial judge. *Santo-
bello,* 404 U.S. pp. 261–262 . . . . This understand-
ing cannot commit or bind the sentencing judge to
any particular sentence. There is no absolute right
to have a guilty plea accepted. However, if the
judge ultimately determines that the interest of
justice would not be served by accepting the Govern-
ment's recommendation made pursuant to such
agreement the defendant should be permitted to
withdraw his guilty plea, particularly where, as
here, there is no Government claim of prejudice or
harm." See also proposed amendments of the Fed-
eral Rules of Criminal Procedure which relate to
plea negotiations and acceptance or rejection of
plea agreements and which would require that the
defendant be permitted to withdraw his plea if the
court rejects the plea bargain. 52 F.R.D. 409, 415
(Rule 11) (1971).

The American Bar Association Standards Relat-
ing to the Function of the Trial Judge suggest
(§ 4.1 [c] [iii]) that the trial judge should "permit
withdrawal of the plea . . . in any case in which
the judge determines not to grant the charge or sen-

tence concessions contemplated by the [plea bargain] agreement." The commentary to this subparagraph states (p. 57): "[T]he standard recommended here . . . mandates giving the defendant the opportunity to withdraw his plea whether or not the judge chooses to give advance notice as to his concurrence in the agreement. Experience in those courts which recognize plea discussions and plea agreements as an appropriate part of the administration of criminal justice—experience in large measure generated by the Pleas of Guilty report—indicates that there is little difference, from the viewpoint of fair treatment, between cases where the judge gives advance notice of concurrence and those where he only follows the standards of requiring disclosure of the agreements and giving them due consideration. Even though the judge has said nothing to the defendant in the latter situation except that he need not follow the prosecutor's recommendations, there nevertheless remains at least the taint of false inducement."

In *Commonwealth* v. *Barrett,* 223 Pa. Super. 163, the court cited with approval the American Bar Association Standards and held that a defendant must be permitted to withdraw his plea under circumstances similar to those in our case: "In the instant case, we do not have the situation of a failure to inform the trial judge of a plea agreement. The judge was adequately informed of the existence of the bargain for a lenient sentence. He, however, disregarded the agreement and recommendation, and, instead, imposed a stricter sentence. The question then becomes whether appellant should have been permitted to withdraw his guilty pleas after the trial judge imposed sentence. We believe appellant should have been afforded that right. . . . The majority of jurisdictions that have faced this issue permit the withdrawal of a guilty plea when a

plea bargained is not kept. See, e.g., *White* v. *Gaffney,* 435 F.2d 1241 (10th Cir. 1970); *People* v. *Fratianno,* 6 Cal. App. 3d 211 . . . (1970); *State* v. *Wolske,* 280 Minn. 465 . . . (1968); *People* v. *Sigafus,* 39 Ill. 2d 68 . . . (1968). This Court, in *Commonwealth* v. *Todd,* 186 Pa. Super. 272, 278 . . . (1958), held that it was reversible error for the trial judge to deny appellant's withdrawal of his guilty pleas, where it was entered pursuant to an agreement. Our Court, there said that '[t]he defendant's plea of guilty was induced by promises of a recommendation of leniency at least to the above extent [in exchange of cooperation in prosecution of related federal cases] and on that ground the majority of us are of the opinion that the sentencing judge is clearly chargeable with an abuse of discretion in refusing to allow the defendant to withdraw his plea.' "

In the present case the parties stipulated that the plaintiff believed that the recommendation of the state's attorney would be accepted by the court. As far back as 1940, the Circuit Court of Appeals for the Ninth Circuit, held that the accused should be relieved from his guilty plea where the plea bargain was not accepted by the court. *Ward* v. *United States,* 116 F.2d 135, 137. In the *Ward* case the government's trial counsel indicated that he believed that the refusal to permit the accused to withdraw his plea was arbitrary and unfair, and the state's attorney in this case likewise has conceded the unfairness of the situation to the accused where the plea bargain was not accepted by the court and the accused was not allowed to withdraw his plea. The state's attorney has not, however, offered any suggestion to the court as to how this unfairness should be remedied in this case.

Furthermore, there is nothing in the stipulation of facts or in the record submitted to the court

which indicates that there would have been any prejudice to the state if the plaintiff had been allowed to withdraw his plea at the time his motion to do so was heard by the court. In light of the teachings of *Santobello* v. *New York,* 404 U.S. 257, the American Bar Association Standards, and the holding of the Third Circuit in *United States ex rel. Culbreath* v. *Rundle,* 466 F.2d 730, the court has concluded that the writ should be granted.

Since this appears to be a case of first impression in Connecticut and the plaintiff does not dispute his guilt even at the hearing on the writ, the relief ordered by the court will be tailored to respect the interests of the state and the accused.

It is therefore ordered that the writ of habeas corpus be granted and the plaintiff ordered released from the custody of the Connecticut correctional institution at Somers unless within ninety days from the date of the filing of this order with the clerk of the Superior Court at Hartford the state has taken either one of the following two steps: (1) the plaintiff is given an opportunity to withdraw his plea of guilty, and plead anew to all of the original charges, or (2) the plaintiff is resentenced in accordance with the plea bargain entered into between the state's atttorney and the plaintiff at the time of his original plea.