**STATE of Iowa, Appellee,**

v.

**Kenneth Wayne FISHER, Appellant.**

No. 1–56174.

Supreme Court of Iowa.

Nov. 13, 1974.

Thomas M. Walter, Ottumwa and Thomas Rowe, Fairfield, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Samuel O. Erhardt, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

RAWLINGS, Justice.

Defendant appeals from judgment on guilty plea to charge of assault with intent to commit rape, The Code 1971, Section 698.4. We reverse.

August 25, 1972, defendant, Kenneth Wayne Fisher, went with Vicki Ream to the Y.W.C.A. in Ottumwa.

Shortly after entering Ms. Ream's room defendant went to a separately located toilet. Upon leaving that facility Fisher mistakenly entered quarters occupied by Rena Cowan, complainant. The alleged assault followed.

November 2, 1972, defendant pled not guilty.

December 5 the aforesaid plea was withdrawn by Fisher and he thereupon entered a guilty plea. This, at least in part, stemmed from a plea bargain between defense counsel and the county attorney. In this regard the latter had apparently agreed to recommend a 60 day jail sentence with 30 days suspended and one year probation.

December 28 defendant was "sentenced to the Men's Reformatory at Anamosa for one year."

In support of a reversal defendant contends trial court did not, by personally addressing the accused, meaningfully determine whether (1) defendant understood the nature of the charge; (2) defendant understandingly waived right to trial by jury; (3) defendant knew and understood the possible maximum sentence and consequences of his guilty plea; (4) defendant voluntarily entered that plea; and (5) there existed a factual basis upon which said plea was entered.

For reasons later disclosed we reverse because defendant's guilty plea was not shown to have been voluntarily entered.

For that reason there is no need to consider other assignments of error here urged.

I. As to the aforesaid voluntariness issue we need refer only to the plea bargain element here involved. In that area the record discloses this brief pre-plea colloquy between trial court and defendant's attorney:

"THE COURT: Is it your desire to withdraw your plea of not guilty to a plea of guilty to the charge of assault to commit rape" THE DEFENDANT: Yes.

"* * *

"THE COURT: Has there been any threats, promises or other inducements made to you to change your plea of not guilty to a plea of guilty?

"MR. WALTER [defense counsel]: I will say to the Court and this defendant, Mr. Ruschmeyer [county attorney] and I have done some bargaining and we felt that he [defendant] should be placed on one year's probation.

"* * *

"THE COURT: Very well, the Court will accept your plea of guilty * * *."

In light of the foregoing we first take note of this comment in State v. Sisco, 169 N.W.2d 542, 548 (Iowa 1969):

"[A] sentencing court may not abrogate or delegate to anyone, including attorney for accused, the duty to determine defendant's knowledge of the charge, appreciation of legal consequences of a guilty plea, *whether it is volunarily entered,* or existence of facts supporting it." (Emphasis supplied).

This court also said in *Sisco, supra,* 169 N.W.2d at 549:

"We are persuaded and now hold, when a guilty plea is entered by defendant, the court must address the accused personally and by that procedure heretofore prescribed determine whether he understands the charge made, is aware of the penal consequences of the plea, and that it is entered voluntarily. Nothing less will suffice."

See generally Brainard v. State of Iowa and Lou V. Brewer, 222 N.W.2d 711 (Iowa 1974).

Furthermore, § 1.5 ABA Standards Relating to Pleas of Guilty (Approved Draft) states:

"The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court. The court should then address the defendant personally and determine whether any other promises or any force or threats were used to obtain the plea."

II. Without question the instantly involved plea was entered upon assurance by the prosecutor that probation would be recommended by him as to any sentence imposed. This was also clearly made known to trial court.

Although the county attorney's agreement could not be binding on the court it still remains such was undoubtedly a factor which, at least in material part, induced the guilty plea.

At the outset, as stated in White v. Gaffney, 435 F.2d 1241, 1244 (10th Cir. 1970):

"The law is settled that a plea of guilty induced by promises or threats which deprive the plea of its voluntary character is void and a conviction based upon it may be set aside in collateral proceedings. A plea of guilty is a waiver of a constitutional right to a jury trial. The plea should be accepted only if voluntarily and understandingly made. It must be free

of factors or inducements which unfairly influence an accused when deciding what his plea shall be. It is difficult to perceive of a more effective influence on a decision whether or not to plead guilty to a criminal offense than an agreement with a prosecuting officer relative to his recommendation as to a sentence. In Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962), where one of the allegations was that an assistant United States attorney advised the accused prior to arraignment, that the total sentence on a plea of guilty would not exceed twenty years, when in fact it totaled forty years, the Court said:

" 'There can be no doubt that, if the allegations in the petitioner's motion and affidavit are true, he is entitled to have his sentence vacated. A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A sentence based upon such a plea is open to collateral attack. * * * ' "'

See also Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); United States v. Carter, 454 F.2d 426, 427–428 (4th Cir. 1972).

Furthermore, § 4.3, ABA Standards Relating to The Prosecution function and The Defense Function (Approved Draft), states at 108–109:

"4.3  Fulfillment of plea discussions.

"(a) It is unprofessional conduct for a prosecutor to make any promise or commitment concerning the sentence which will be imposed or concerning a suspension of sentence; he may properly advise the defense what position he will take concerning disposition.

"(b) A prosecutor should avoid implying a greater power to influence the disposition of a case than he possesses.

"(c) If the prosecutor finds he is unable to fulfill an understanding previously agreed upon in plea discussions, he should give notice promptly to the defendant and cooperate in securing leave of the court for the defendant to withdraw any plea and take other steps appropriate to restore the defendant to the position he was in before the understanding was reached or plea made."

Correlatively, § 4.1, ABA Standards Relating to The Function of the Trial Judge (Approved Draft), provides:

"4.1  Role of the judge in plea discussions and plea agreements.

"(a) The trial judge should not be involved with plea discussions before the parties have reached an agreement other than to facilitate fulfillment of the obligation of the prosecutor and defense counsel to explore with each other the possibility of disposition without trial.

"(b) The trial judge should not accept a plea of guilty or nolo contendere without first inquiring whether there is a plea agreement and, if there is one, requiring that it be disclosed on the record.

"(c) *If the plea agreement contemplates the granting of charge or sentence concessions by the trial judge, he should*:

"(i) unless he then and there grants such concessions, inform the defendant as to the role of the judge with respect to such agreements, as provided in the following subparagraphs:

"(ii) give the agreement due consideration, but notwithstanding its existence reach an independent decision on whether to grant charge or sentence concessions; and

"(iii) *permit withdrawal of the plea (or, if it has not yet been accepted, withdrawal of the tender of the plea) in any case in which the judge determines not to grant the charge or sentence concessions contemplated by the agreement.*

"(d) The trial judge may decline to give consideration to a plea agreement until after completion of a presentence investigation or may, in accordance with ABA Standards, Pleas of Guilty, § 3.3(b),

indicate his conditional concurrence prior thereto." (Emphasis supplied).

The foregoing is thus capsulated in State v. Wolske, 280 Minn. 465, 160 N.W.2d 146, 152 (1968):

"Where disclosure of a plea agreement is made to the trial judge either before or after acceptance of the plea as recommended, it will not be difficult to determine if plea agreements have been kept, and in the event the agreement is not fulfilled by the prosecutor or not acceptable to the court, the defendant should be afforded the option of either withdrawing or reaffirming his plea, * * *."

In brief, prior to entry of judgment trial court, having elected not to honor the aforesaid plea bargain, neither so advised defendant nor accorded him related opportunity to stand on his guilty plea or move to withdraw same. Upon the record here made we cannot say defendant's guilty plea was voluntarily entered.

This case must therefore be reversed and remanded with instructions (1) that the sentence be set aside; (2) defendant afforded meaningful opportunity to withdraw his guilty plea; and (3) for further appropriate proceedings. In this regard see generally North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); People v. Riebe, 40 Ill.2d 565, 241 N.E.2d 313, 314–315 (1968); § 2.1, ABA Standards Relating to Pleas of Guilty (Approved Draft); Code § 777.15.

Reversed and remanded with instructions.