STATE of Iowa, Appellee,

v.

Henry PARRISH, Appellant.

No. 57834.

Supreme Court of Iowa.

Aug. 29, 1975.

John M. Thompson, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Earl W. Roberts, Asst. Atty. Gen., and Eugene J. Kopecky, County Atty., for appellee.

HARRIS, Justice.

Defendant entered a plea of guilty to the crime of assault with intent to inflict great bodily injury in violation of § 694.6, The Code. His appeal following sentence challenges trial court proceedings on two grounds. We affirm.

Henry Parrish (defendant) was involved in a fight on August 7, 1974 with Leslie Ford, during which he struck Ford over the head with a beer bottle. Ford has since married defendant's sister. At the time of sentence defendant's counsel said the fight occurred as the result of defendant's feeling Ford was attempting to make defendant's sister "into what's called a dealer's woman." Defendant also believed Ford had gotten his sister pregnant.

On August 30, 1974 defendant appeared with counsel in district court before Judge Lewis C. Schultz. Following arraignment defendant entered a plea of guilty to the charge. The proceedings included the following:

"THE COURT: Are you ready at this time to enter a plea? DEFENDANT: Yes.

"THE COURT: And what is that plea? DEFENDANT: I guess I'm going to plead guilty to the charge.

"THE COURT: Do you wish to plead guilty? DEFENDANT: Yes.

"THE COURT: Now is this the result of a plea bargain, Mr. County Attorney? MR. HORAN: Yes, Your Honor. We have agreed that on a plea of guilty we would recommend that the defendant be sentenced to one year in the county jail and be given credit for time served.

"THE COURT: How long has he served? MR. MONROE: Since August 13th, I believe, Your Honor.

"THE COURT: Did you understand that, that this is the recommendation of the County Attorney and the Court would be free to pass whatever sentence the Court would determine would be necessary? DEFENDANT: I believe so.

"THE COURT: The sentence—I am going to have to ask you some questions, Mr. Parrish, which I do on any plea of guilty, to determine the voluntariness of the plea and determine whether or not you understand it, and also whether or not you understand the rights you are about to give up. The sentence under 694.6 is imprisonment in the county jail not to exceed one year or by a fine not exceeding $500, or by imprisonment in the penitentiary not exceeding one year. Any one of those things. Do you understand that? DEFENDANT: I believe so.

"THE COURT: Is there any part of it that you don't understand or that you are fuzzy on? DEFENDANT: Yes, just one part.

"THE COURT: What is that? DEFENDANT: The part about the imprisonment in the penitentiary.

"THE .COURT: Well, let me make it clear to you. The Court could sentence you either to any term up to a year, not more than a year, in the county jail, or could fine

you any amount but not over $500, or the Court could send you to the penitentiary for not more than one year. Any one of those three. DEFENDANT: The part about the penitentiary, I didn't understand. What is the penitentiary?

"THE COURT: It would be, in your case, Anamosa. In other words you could be sentenced to not more than one year at Anamosa, or to six months, nine months, 12 months in the Linn County Jail, or fined any amount of money, but not over $500. The Court will pass on this and I will get a presentence report first before the sentence is passed.

"THE COURT: Do you understand what the presentence report is about? DEFENDANT: I believe so, yes.

"THE COURT: Do you have any questions about it? DEFENDANT: No, I don't think so.

"THE COURT: Or are you fuzzy on any part of it? What this report is going to do is give the details of your background and your past, and your past criminal record, if any, along with your present situation, and set out these details to assist the Court in sentencing you. DEFENDANT: Yes, I understand.

"THE COURT: By your plea of guilty you in fact admit that the State can prove the necessary elements of the crime. You are entitled to have a jury trial, and the jury would have to find beyond a reasonable doubt that you were guilty of the following elements: That on or about August 17, 1974, in Linn County, you did willfully and unlawfully assault one Leslie Gene Ford with intent to inflict upon him great bodily injury. 'Willfully' means intentionally. 'Assault' means to put another person in fear or threaten their body, and this assault must be with intent to inflict great bodily injury. By pleading guilty you are admitting the State can prove these elements beyond a reasonable doubt. You understand that? DEFENDANT: Yes.

"THE COURT: Do you in fact admit you did do the acts as charged and as I have outlined? DEFENDANT: To hit Mr. Ford?

"THE COURT: Yes. DEFENDANT: Yes.

"THE COURT: And did you hit him with the intent to inflict great bodily injury on him? DEFENDANT: I was drunk at the time but I hit him with a beer bottle, so I would say that I was charged with the right count for what I did.

"THE COURT: By your plea of guilty you also give up your right to a jury trial, to confront the witnesses against you, they must testify in open court before you, and you have the right to cross examine them and to have an attorney assist you. If you don't have funds to hire an attorney one will be appointed at county expense. You have the right to call witnesses on your behalf, you have the right to testify yourself, or you have the privilege against self-incrimination, which means you don't have to testify or admit anything, and if you would request it, the jury would be told that your failure to take the stand was done as a matter of right. By a plea of guilty you give these rights up. Do you understand that? DEFENDANT: Yes.

"THE COURT: Have there been any threats, coercion, promises, inducements as to punishment, outside of the agreement between you and the County Attorney's office as to what they would recommend? DEFENDANT: I didn't understand.

"THE COURT: Has anybody threatened you or done anything to induce you or cause you to enter this plea of guilty outside of your own free will, or did anyone talk you into this for any reason outside of the County Attorney as described, that he would recommend that you be given a county jail sentence? DEFENDANT: No.

"THE COURT: Do you have any questions concerning any of the matters I have gone over with you? DEFENDANT: No.

"THE COURT: After having gone through all these matters is it still your

wish to enter a plea to the charge? DEFENDANT: Yes, sir.

"THE COURT: Now you hesitated, and if you want more time to think about it I will give it to you, but I just want to be certain that you understand what is transpiring and that this is your wish. This is my duty under the law. DEFENDANT: Yes, sir, I understand.

"THE COURT: And you understand that the Court is the one that passes punishment and that I can disregard the County Attorney's recommendation of one year in the county jail, I can pass a lesser sentence or fine you, or I could pass a sentence to the Men's Reformatory. DEFENDANT: Yes.

"THE COURT: You have never been convicted of a felony previously, have you? DEFENDANT: I have been convicted of a felony and received a bench parole.

"THE COURT: But you have never been to the reformatory? DEFENDANT: No.

"THE COURT: You understand the Court is the one that passes judgment and that I am not bound by your agreement with the County Attorney? DEFENDANT: What you are saying is that the Court here, the judge, is the one that says what happens, that the people I have talked to out here can't tell me what will happen, they can only make recommendations.

"THE COURT: That is exactly right. You said it better than I can. DEFENDANT: Yes, I understand.

"THE COURT: And what is your plea? DEFENDANT: A plea of guilty, Your Honor."

On the same date, August 30, 1974, Judge Schultz also ruled "an actual basis" existed for the plea and that the plea had been voluntarily made with knowledge and understanding of the charge, plea, and consequences of such plea. A presentence investigation was ordered.

Defendant appeared with counsel in district court for sentencing before Judge James H. Carter on September 25, 1974. At this time the State again noted it had entered into a plea bargain with defendant and stated the terms thereof. At this time the State recommended " * * * the defendant be sentenced to a six month term in the Linn County jail and that he be credited for time served." Judge Carter never advised defendant he had a right to withdraw his guilty plea or that the county attorney's proposal was not binding on the trial court. Judge Carter ignored both recommendations of the county attorney. Defendant was sentenced to one year in the state reformatory at Anamosa with the recommendation he be transferred to the security medical facility for psychiatric evaluation and treatment.

Two questions are presented. The first is whether the *Sisco* requirements, fully complied with when a guilty plea is entered, need be satisfied again by a different judge who pronounces sentence. The other question is whether the trial court was required in this case to allow defendant to withdraw his plea and to so advise him.

I. The initial question is whether *Sisco* guidelines must be resatisfied in a later sentencing proceeding if there has been compliance at an earlier proceeding. The record of the sentencing proceeding does not disclose any effort to comply with the guidelines of *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969). The judge pronouncing sentence obviously intended to rely for compliance with *Sisco* guidelines on the record made in the earlier proceeding.

The question is controlled by our holding in *State v. Bell*, 210 N.W.2d 423, 426 (Iowa 1973). Bell entered a guilty plea to a felony in a proceeding in which *Sisco* guidelines were followed. At a later sentencing proceeding the guidelines were not met. We rejected the contention a *Sisco* interrogation was again necessary at time of sentencing.

Our holding in *Bell* is applicable notwithstanding a substitution of presiding judges at the second hearing. With certain exceptions, not here material, the action of

any one of several judges holding court at the same place and time is the action of the court. *Central Savings & Loan Association v. Gaumer,* 167 N.W.2d 656, 658 (Iowa 1969); *State v. Richards,* 229 N.W.2d 229, 233 (Iowa 1975). Defendant was not entitled to a repetition of the *Sisco* guidelines by reason of the change in judges.

■ We therefore consider defendant's challenge in the light of the record made during both proceedings. Taken together, the record of those proceedings discloses full compliance with *Sisco* guidelines.

■ II. In two recent opinions we have considered the obligation of a trial court which rejects the terms of a plea bargain after accepting a guilty plea. *State v. Fisher,* 223 N.W.2d 243 (Iowa 1974); *State v. Runge,* 228 N.W.2d 35 (Iowa 1975). Defendant relies on language in our opinion in *Fisher* :

" * * * [P]rior to entry of judgment trial court, having elected not to honor the aforesaid plea bargain, neither so advised defendant nor accorded him related opportunity to stand on his guilty plea or move to withdraw same. Upon the record here made we cannot say defendant's guilty plea was voluntarily entered." 223 N.W.2d at 246.

In *Runge* the trial court had actual knowledge of a plea bargain and made no record of the fact. In reversing for failing to allow the plea to be withdrawn we explained:

"Briefly stated, defendant's guilty plea was not shown of record to have been free from inducement flowing from the county attorney's pre-plea concessions. Thus the controverted plea was not knowingly and voluntarily entered. See *United States v. Mancusi,* [275 F.Supp. 508, 515–519 (E.D.N. Y.1967)]; *State v. Fisher,* 223 N.W.2d 243, 244–246 (Iowa 1974), and citations." 228 N.W.2d at 37.

We believe the facts in the instant case fall outside the situations outlined in *Fisher* and *Runge.* The record now before us clearly shows there was no taint of false inducement of the plea by the judge accepting it. The trial court clearly renounced any willingness to grant a sentence concession on the basis of the bargain. Defendant noted his understanding the judge would not be bound by any recommendations in his own words: "What you are saying is that the Court here, the judge, is the one that says what happens, that the people I have talked to out here can't tell me what will happen, they can only make recommendations."

Our holdings in *Fisher* and *Runge* do not render all guilty pleas tentative and subject to withdrawal as a matter of defendant's right where there has been a plea bargain. The court is not bound to allow withdrawal of the plea where each of the following conditions is met: (1) the court renounces participation in the bargain, (2) denies any inclination to be bound thereby, (3) such renunciation and denial are made known to the defendant, and (4) the defendant thereafter enters or (as in this case) affirms his plea of guilty. All four conditions are established in the record before us.

Accordingly the question is governed by our cases which grant a trial court discretion in deciding whether to allow withdrawal of a guilty plea under § 777.15, The Code. As stated in *State v. Vantrump,* 170 N.W.2d 453, 454 (Iowa 1969) (quoting from *State v. Whitehead,* 163 N.W.2d 899, 902 (Iowa 1969)): "A defendant should not be permitted to enter a guilty plea, gamble on the sentence and then move to withdraw the plea if he is disappointed with the severity of the sentence imposed. [Authority]."

Affirmed.

All Justices concur except McCORMICK and MASON, JJ., who concur specially and RAWLINGS, J., who dissents.

McCORMICK, Justice (concurring specially).

I agree with the dissent by Rawlings, J., that the procedure in this case did not com-

port with ABA Standards, The Function of the Trial Judge, § 4.1(c) (1972), approved unanimously by the court in *State v. Fisher*, 223 N.W.2d 243 (Iowa 1974), and again in *State v. Runge*, 228 N.W.2d 35 (Iowa 1975). The standard does not authorize denial of a motion to withdraw a guilty plea when the judge has forewarned the defendant he will not be bound by the prosecutor's recommendation. It requires the judge in any case in which he decides in fact not to follow the prosecutor's recommendation, whether he has forewarned the defendant or not, to notify the defendant he will not do so and accord the defendant the opportunity at that time to withdraw his plea. *United States ex rel. Culbreath v. Rundle*, 466 F.2d 730 (3 Cir. 1972); *Commonwealth v. Wilson*, 335 A.2d 777 (Pa.Super.1975); *Quintana v. Robinson*, 31 Conn.Sup. 22, 319 A.2d 515 (1973).

The ABA standard approved by the court in Fisher does not depend for its applicability upon proof the defendant entered his plea from a belief the court would follow the prosecutor's recommendation. As the commentary to the rule makes clear, the standard is preventive. It seeks to avoid false inducement in some cases by removing the occasion for false inducement in all cases. ABA Standards, The Function of the Trial Judge, supra, commentary at 57 ("Even though the judge has said nothing to the defendant * * * except that he need not follow the prosecutor's recommendations, there nevertheless remains at least the taint of false inducement.").

I concur in the result because this guilty plea and sentencing proceeding antedated the decision of this court in Fisher, and defendant's guilty plea has not been shown to have been the result of unlawful inducement under standards then applicable. The sentencing occurred here September 25, 1974, and Fisher was decided November 13, 1974. Like the prophylactic standards adopted by the court in *State v. Sisco*, 169 N.W.2d 542 (Iowa 1969), I believe the Fisher standard should be prospective in its operation. See *State v. Vantrump*, 170 N.W.2d 453, 454 (Iowa 1969).

MASON, J., joins this special concurrence.

RAWLINGS, Justice (dissenting).

Being unable to agree with the reasoning or result reached in Division II of the majority opinion and the ultimate conclusion I respectfully dissent.

Admittedly, defendant was clearly advised and understood any plea bargain made and entered into with the county attorney was not binding upon the court. But that alone did not suffice. Trial court was further obligated to correlatively advise defendant to the effect that he could then elect to either stand on his guilty plea and accept the risk as to any sentence to be later imposed or withdraw such plea and stand trial.

In support of that position I refer to *State v. Fisher*, 223 N.W.2d 243, 245 (Iowa 1974), where we approvingly thus quoted § 4.1, ABA Standards Relating to The Function of the Trial Judge (Approved Draft):

"4.1 Role of the judge in plea discussions and plea agreements.

"(a) The trial judge should not be involved with plea discussions before the parties have reached an agreement other than to facilitate fulfillment of the obligation of the prosecutor and defense counsel to explore with each other the possibility of disposition without trial.

"(b) The trial judge should not accept a plea of guilty or nolo contendere without first inquiring whether there is a plea agreement and, if there is one, requiring that it be disclosed on the record.

"(c) *If the plea agreement contemplates the granting of charge or sentence concessions by the trial judge, he should*:

"(i) unless he then and there grants such concessions, inform the defendant as to the role of the judge with respect

to such agreements, as provided in the following subparagraphs:

"(ii) give the agreement due consideration, but notwithstanding its existence reach an independent decision on whether to grant charge or sentence concessions; and

"(iii) *permit withdrawal of the plea (or, if it has not yet been accepted, withdrawal of the tender of the plea) in any case in which the judge determines not to grant the charge or sentence concessions contemplated by the agreement.*

"(d) The trial judge may decline to give consideration to a plea agreement until after completion of a presentence investigation or may, in accordance with ABA Standards, Pleas of Guilty, § 3.3(b), indicate his conditional concurrence prior thereto."

Furthermore, this is the commentary to the above quoted ABA Standards:

"The second significant principle is expressed in subparagraph (iii). In effect it is that in *any* case in which a plea agreement contemplates concurrence by the trial judge and he decides not to concur, the defendant should be so informed and given the option of going to trial."

Also, in *Fisher*, 223 N.W.2d at 246, we likewise quoted this from *State v. Wolske*, 280 Minn. 465, 160 N.W.2d 146, 152 (1968):

"Where disclosure of a plea agreement is made to the trial judge either before or after acceptance of the plea as recommended, it will not be difficult to determine if plea agreements have been kept, and in the event the agreement is not fulfilled by the prosecutor or not acceptable to the court, the defendant should be afforded the option of either withdrawing or reaffirming his plea, * * *."

Additionally, the approved Federal Rules of Criminal Procedure Amended, effective December 1, 1975, § 11(e)(4) provides:

"If the court rejects the plea agreement, the court shall inform the parties of this fact, advise the defendant personally in open court that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement."

See 15 Crim.L.R. 3001; 17 Crim.L.R. 1071.

Clearly Judge Schultz did not grant the sentence concession embraced within the plea bargain. See ABA Standard 4.1(c)(i), quoted *supra*. He was therefore obligated to advise defendant regarding his elective right to stand on the guilty plea or to withdraw same. This was not done. I submit our opinion in *Fisher, supra*, is here applicable and dictates a reversal of the case at hand.

Therefore, I would reverse and remand with instructions (1) that the sentence from which appeal is here taken be set aside; (2) defendant be afforded meaningful opportunity to withdraw his guilty plea; and (3) for further appropriate proceedings.