**STATE of Iowa, Appellee,**

v.

**Ronald John GAFFEY, Appellant.**

**No. 59539.**

Supreme Court of Iowa.

Feb. 16, 1977.

Donald F. O'Brien of O'Brien, Galvin & O'Brien, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Zigmund Chwirka, County Atty., and Bruce Dunlap, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and UHLENHOPP, JJ.

PER CURIAM:

Defendant appeals from guilty plea conviction and sentence for receiving stolen property in violation of Code section 712.1. He contends the trial court erred because a plea bargain was not honored by the trial court. We affirm.

The plea bargain here was made a part of the record at the guilty plea proceedings. The State had agreed to dismiss a drug charge of possession with intent to deliver arising out of the same incident and not oppose a county jail sentence of six months. The court then expressly warned defendant at four separate places in the record that it was not bound by any sentencing recommendation made by counsel but could impose the maximum sentence. The trial judge again asked defendant if he wanted to plead guilty and he answered in the affirmative. After thorough study of the presentence investigation report, which contained no sentence recommendation, the court sentenced defendant to a term not to exceed one year in the county jail and fined him $500.

We have stated where a defendant is apprised of the fact the trial court, of record, renounces participation in a plea bargain and denies even an inclination to be bound thereby, and yet the defendant thereafter enters a guilty plea, then the

plea, in this respect, is voluntarily tendered. *State v. Townsend,* Iowa, 238 N.W.2d 351, 356, 357; *State v. Parrish, Iowa,* 232 N.W.2d 511, 515. The record here affirmatively shows defendant could not have possibly been induced by a plea bargain that the sentencing recommendation of defense counsel would necessarily be followed.

Our reading of this record clearly demonstrates defendant voluntarily, intelligently and knowingly entered his plea of guilty. Therefore the lower court's judgment is affirmed.

AFFIRMED.