# IN THE COURT OF APPEALS OF IOWA

No. 16-0211
Filed February 8, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**RONALD RICHARD PAGLIAI,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, William A. Price, District Associate Judge.


　　　　A defendant appeals the judgments and sentences on his guilty pleas to third-degree theft and eluding.  **AFFIRMED.**


　　　　Jeremy L. Merrill of Lubinus Law Firm, Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


　　　　Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**TABOR, Judge.**

Ronald Pagliai appeals the judgments and sentences on his guilty pleas to two aggravated misdemeanors. Pagliai contends his guilty pleas were not knowing, voluntary and intelligent because he did not understand the consequences and he did not voluntarily waive the right to an attorney. Alternatively, he argues his attorney, who first appeared after Pagliai entered the guilty pleas, provided ineffective assistance by failing to file a motion in arrest of judgment. Pagliai also asserts the district court did not provide adequate reasons for imposing consecutive sentences.[1]

Because Pagliai did not preserve error to directly challenge his guilty pleas, we consider only his ineffective-assistance claim. We find no error in Pagliai's waiver of counsel but conclude our record is not sufficient to resolve Pagliai's remaining guilty-plea challenge on direct appeal. Accordingly, we affirm his convictions but preserve that issue for postconviction proceedings. We also affirm Pagliai's sentence because the district court gave sufficient reasons for imposing consecutive terms.

## I. Facts and Prior Proceedings

The State charged Pagliai with theft in the third degree, in violation of Iowa Code section 714.2(3) (2015), and eluding, in violation of Iowa Code section 321.279(2). Pagliai appeared at his arraignment without an attorney and pleaded

---

[1] Pagliai filed a pro se supplemental brief in this matter. To the extent Pagliai's brief—which is in the form of a letter and does not include citations to authority or pertinent parts of the record—raises additional issues, we decline to address them. *See* Iowa R. App. P. 6.903(2)(g)(3); *State v. Martin*, No. 11-1621, 2012 WL 4513891, at *5 (Iowa Ct. App. Oct. 3, 2012) ("Pro se or not, parties to an appeal are expected to follow applicable rules."); *see also* Iowa R. App. P. 6.901(2) (providing time for filing and service of pro se supplement briefs but not exempting them from other rules of appellate procedure governing content).

not guilty.  About seven weeks later, Pagliai filed written waivers of his rights to a speedy trial and to an attorney.

Pagliai filed a written plea of guilty, which was accepted by the district court at a plea hearing on July 23, 2015.  The written plea form noted Pagliai was pleading guilty to the "charge of Theft 3, Eluding" and indicated the maximum and minimum sentences for "this charge."  By signing the form, Pagliai acknowledged "the judge may sentence me up to the maximum provided by law."  In exchange for Pagliai's guilty pleas, the State agreed to dismiss a different pending theft charge, and Pagliai consented to have a presentence investigation (PSI) report completed before his sentencing.

On September 9, forty-eight days after the district court accepted Pagliai's guilty pleas, Pagliai appeared in district court with an attorney for sentencing.  But the court did not proceed with Pagliai's sentencing because it had not yet ordered the PSI.  In an order following the hearing, the court repeated language from the original order accepting Pagliai's guilty pleas with the following addendum: "NOTE: PLEA WAS PREVIOUSLY ACCEPTED BUT PSI WAS NOT ORDERED UNTIL THIS DATE."  The court rescheduled the sentencing hearing.

The sentencing hearing ultimately took place on January 7, 2016.[2]  The State made no sentencing recommendation; Pagliai asked for probation.  After considering the information in the PSI report, the court sentenced Pagliai to serve two consecutive two-year terms of incarceration.

Pagliai now appeals his judgments and sentences.

---

[2] The court continued the sentencing hearing after Pagliai was arrested on new charges.

## II.    Error Preservation

The State contends Pagliai failed to preserve error to directly challenge his guilty pleas because he did not file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a). We agree. A defendant who does not file a motion in arrest of judgment may not challenge a guilty plea on direct appeal unless the district court failed to comply with the requirements of rule 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."). *See State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004).

At the plea hearing, the district court explained to Pagliai the necessity of filing a motion in arrest of judgment to directly challenge his guilty pleas as well as the amount of time he had to file the motion. The order following the plea hearing reiterated the court's admonition. Pagliai does not claim, nor do we find, any deficiency in the court's explanation. *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). Accordingly, we consider Pagliai's guilty-plea challenges under the framework of ineffective assistance of counsel. *See id.* at 133 (noting failure to move in arrest of judgment "does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel").

## III.    Scope and Standards of Review

Our review of ineffective-assistance-of-counsel claims is de novo. *See id.* We ordinarily preserve such claims for postconviction-relief proceedings, *see State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011), regardless of our estimation of

their "potential viability," *see State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). Only if we find the development of the factual record would not be useful to decide an ineffective-assistance claim will we address it on direct appeal. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009).

We review a district court's sentencing decision for abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016) (citation omitted). A district court abuses its discretion when it makes a sentencing decision "on grounds clearly untenable or to an extent clearly unreasonable" or when it fails to give adequate reasons to provide appellate review of the sentencing court's discretion. *Id.* at 272–73.

## IV. Ineffective Assistance of Counsel

Pagliai argues his attorney provided ineffective assistance when he failed to file a motion in arrest of judgment. Pagliai contends his guilty pleas were not knowing, voluntary, and intelligent for two reasons: (1) he did not understand the range of punishments he faced and (2) his waiver of counsel was not voluntary. To establish ineffective assistance of counsel, Pagliai must prove by a preponderance of the evidence both that his counsel failed to perform an essential duty and the failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Straw*, 709 N.W.2d at 133. We conclude our record is not sufficient to resolve on direct appeal Pagliai's claim he did not understand the range of punishments he faced. Therefore, we preserve that first claim for a potential postconviction-relief proceeding. But we find our record is adequate to reject Pagliai's claim that counsel was ineffective for not moving to arrest judgment based on Pagliai's original waiver of counsel.

### A.     Consequences of Pleas

We cannot reach the merits of Pagliai's claim he did not understand the consequences of his pleas for two reasons.  First, we are unable to determine whether Pagliai's counsel failed to perform an essential duty because it is unclear whether Pagliai retained counsel before the window for filing a motion in arrest of judgment closed.  *See* Iowa R. Crim. P. 2.24(3)(b) ("The motion must be made not later than [forty-five] days after plea of guilty . . . but in any case not later than five days before the date set for pronouncing judgment.").  The State contends the record is unclear on this matter—Pagliai's attorney first appeared in court with Pagliai on September 9, 2015, three days after the time for filing a motion in arrest of judgment had expired, and he did not file a written appearance beforehand.[3]  But Pagliai urges us to find the motion-in-arrest-of-judgment clock reset on September 9 because the district court entered an order confirming Pagliai's guilty pleas on that date.

Pagliai does not cite, nor do we find, any authority supporting his claim a defendant may file a motion in arrest of judgment within forty-five days of the court's "reacceptance" of a guilty plea.  *See* Iowa R. Crim. P. 2.24(3)(b) ("The motion [in arrest of judgment] must be made not later than [forty-five] days after *plea of guilty* . . . ." (emphasis added)); *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) (finding "if the date of sentencing is set more than fifty days after the plea, the maximum time a defendant has to file the motion in arrest of judgment is forty-five days after the plea").  Accordingly, because the record does not

---

[3] Pagliai's attorney made no filings in the case until after the district court issued the sentencing order.  At that time, he filed a limited appearance and notice of appeal.

disclose when Pagliai retained his attorney, we cannot determine whether his attorney breached an essential duty by failing to file a motion in arrest of judgment.

Second, assuming Pagliai's attorney could have filed a timely motion in arrest of judgment, we are unable to determine on the current record whether Pagliai was prejudiced by his failure to do so. To satisfy the prejudice requirement, a defendant generally must show "a reasonable probability that, but for counsel's errors, he . . . would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138. Here, Pagliai had already pleaded guilty at the time he hired an attorney, so the analysis changes slightly— Pagliai must show he did not file a motion in arrest of judgment due to the error of counsel and, but for the error, he would have both filed the motion and insisted on proceeding to trial. "[I]t is abundantly clear that most claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one now before us." *Id.* Nothing in our record indicates whether Pagliai's counsel, once retained, discussed with Pagliai the range of possible punishments he could face. We cannot, as the State suggests, simply infer that Pagliai's attorney or the prosecutor advised him of this information. Accordingly, we preserve this claim for a possible postconviction-relief proceeding.

### B. Waiver of Counsel

The record is adequate to decide Pagliai's waiver-of-counsel claim because, even assuming Pagliai retained his attorney in time to file a motion in arrest of judgment, his attorney did not breach an essential duty by failing to file

the motion on that basis. *See State v. Dalton*, 674 N.W.2d 111, 120 (Iowa 2004) (rejecting ineffective-assistance claim when trial counsel did not fail to perform essential duty). We measure the performance of Pagliai's attorney "against the standard of a reasonably competent practitioner with the presumption that the attorney performed his duties in a competent manner." *See id.* at 119.

A defendant has a constitutional right to counsel during "all critical stages of the criminal process," including the entry of a guilty plea. *State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006). But a defendant may waive the right to counsel as long as the waiver is made "knowingly and intelligently with sufficient awareness of the relevant circumstances." *Id.* Pagliai does not attack the sufficiency of his written waiver or of the district court's colloquy at his plea hearing. Rather, Pagliai suggests the court improperly pressured him to waive his right to counsel.

Without citation to authority, Pagliai asserts: "this case is lined with red flags indicating that the Defendant desired to be represented by an attorney" and "[t]he environment created by the judge [during the plea hearing] compelled the waiver [of counsel] from the defendant." The State counters the written waiver of counsel and the colloquy at Pagliai's plea hearing were sufficient and the district court did not coerce Pagliai but, rather, granted him as much time as he needed to understand his waiver.

We find Pagliai's arguments unconvincing. Pagliai may have expressed the intent to hire an attorney to represent him, but his actions did not reflect that

intent. Pagliai chose to move forward without legal counsel until shortly before his sentencing hearing.[4]

Moreover, we disagree with Pagliai's characterization of the plea hearing. As an initial matter, Pagliai signed a detailed waiver of counsel three months before the plea hearing. Then, at the hearing, the district court verified the validity of Pagliai's written waiver—asking Pagliai if he had reviewed the form carefully before signing and whether he understood the ramifications of the waiver, which were listed on the form. After Pagliai responded he "sort of" comprehended the waiver, the court stated: "Here. Sit and review it until you understand it. We'll get back to you. Have a seat over there. I have many other people waiting. Thank you." When the court revisited the issue, Pagliai stated he had finished his review of the document and understood it. The court then performed an in-court colloquy, further ensuring Pagliai's understanding.

Rather than rushing Pagliai through the process, the court gave Pagliai as much time as he needed to review his waiver and then questioned Pagliai to confirm he fully understood his decision. We see no improper pressure at any point in the plea hearing. Accordingly, we find Pagliai's waiver-of-counsel challenge to be without merit, and Pagliai's attorney was not ineffective for failing to raise it. *See State v. Hochmuth*, 585 N.W.2d 234, 238 (Iowa 1998).

## V. Sentencing

Finally, Pagliai argues the district court's reasons for imposing consecutive sentences were inadequate because they were too generic and did "not provide

---

[4] In his pro se supplemental brief, Pagliai explains: "I represented myself because I felt that I can handle the misdemeanors that I was charged with . . . ."

a rationale for the exercise of the judge's discretion."[5]  The State disagrees, asserting the district court's rationale was explicit and specific to Pagliai.

A sentencing court must "state on the record its reason for selecting the particular sentence."  Iowa R. Crim. P. 2.23(3)(d).  This rule also applies to a court's decision to impose a consecutive sentence, but "in doing so the court may rely on the same reasons for imposing a sentence of incarceration."  *See Hill*, 878 N.W.2d at 275.  A "terse and succinct" statement may suffice, "when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court."  *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

Here, the district court stated:

> The Court, as noted earlier, did review the [PSI].  It appears that Mr. Pagliai is not a good candidate for probation.  For reasons probably best known to Mr. Pagliai, he continues to struggle to live within the law.

---

[5] In the midst of this argument, Pagliai briefly mentions another issue.  Citing Iowa Rule of Criminal Procedure 2.8(2)(c), Pagliai argues the district court should have inquired into the plea discussion with the prosecutor at the sentencing hearing and the prosecutor should have disclosed the terms of an earlier plea offer, which included a recommendation of "two years," that had expired by the time Pagliai pleaded guilty.  Pagliai does not argue the State breached the plea agreement, nor does he cite authority for his contention the State should have offered information regarding the expired plea offer at the sentencing hearing.

We find this issue more applicable to the guilty-plea stage than to sentencing.  And we find no violation of rule 2.8(2)(c) ("The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the attorney for the state and the defendant . . . .  The terms of any plea agreement shall be disclosed of record . . . .").  Pagliai's written plea of guilty included a plea agreement— the State agreed to dismiss an unrelated theft charge—which is a part of the record.  The agreement included no sentencing recommendation by the State, and Pagliai affirmed: "I know that the judge may sentence me up to the maximum provided by law."  At the plea hearing, Pagliai confirmed the statements in the written plea were correct in response to the court's inquiry.  Because rule 2.8(2)(c) was satisfied at the plea hearing, the sentencing judge was not required to complete its requirements a second time.  *See State v. Parrish*, 232 N.W.2d 511, 514–15 (Iowa 1975).

To the extent Pagliai raises a violation of rule 2.8(2)(c) on appeal, we reject his claim.

. . . .

The Court believes that the appropriate order would be that of incarceration.

The Court takes into account Mr. Pagliai's age and character. Of particular import is his prior criminal history.

The court then sentenced Pagliai to a period of incarceration not to exceed two years on each charge, to be served consecutively. Recognizing its discretion to impose either concurrent or consecutive sentences, the district court explained: "The reason[s] for the consecutive sentences are the specific facts of these cases, as well as the extensive criminal history that you've created for yourself over the last few years."

The district court's reasoning was adequate. The court referred to the facts of the instant case—a theft of merchandise approaching $500 followed by a high-speed police chase—and Pagliai's criminal history, which included numerous theft convictions. Because it is clear from the court's statements what prompted the consecutive sentences, it is not an abuse of discretion that those reasons were pithy or were similar to the court's reasons for imposing a two-year term of incarceration on each charge. *See Hill*, 878 N.W.2d at 275.

Accordingly, we affirm.

**AFFIRMED.**