STATE of Iowa, Appellee,

v.

Ronald Avory MAXWELL, Appellant.

No. 56645.

Supreme Court of Iowa.

Oct. 16, 1974.

Maurer & Jones, Ames, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and Ruth R. Harkin, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REYNOLDSON, JJ.

LeGRAND, Justice.

Following his conviction for operating a motor vehicle while under the influence of an alcoholic beverage in violation of § 321.-281, The Code, defendant was sentenced to pay a fine of $400. He has appealed from that judgment, alleging two grounds upon which he relies for a reversal. We affirm the judgment of the trial court.

Defendant's appeal presents the following issues for review: (1) failure of the state to comply with § 769.4, The Code, in setting out the minutes of testimony attached to the information; and (2) error in the admission of four exhibits relating to a blood test administered to defendant.

██ I. Defendant's first assigned error concerns the testimony of Officer Neil Longseth. Defendant asserts there were fatal variances between the evidence which Officer Longseth gave at trial and that which the minutes of his testimony said he would give. Our many previous holdings dictate a finding there is no merit to this contention.

The statute in question (§ 769.4) requires that the names of all witnesses whose evidence will be used at trial shall be endorsed on the information and that there shall be filed with such information "a minute of evidence * * * of each witness whose name is so endorsed upon the information." The question here is whether the minutes of Officer Longseth's testimony met the requirements of this statute.

Defendant's argument does not follow the usual course of such objections. Ordinarily, the complaint is that a witness ventured beyond the scope of the minutes and injected facts not covered, thereby surprising defendant and depriving him of an opportunity to prepare a defense. That is not the case here. While defendant points to six instances in which Officer Longseth's testimony departs from the minutes attached to the information, all deal with the circumstances under which certain events occurred, not with the substantive facts themselves.

Considering defendant's criticisms separately, we find that one involves an error of more than an hour in the time the officer began his investigation; two relate to observations the witness made of defendant at the jail, rather than at the scene of the accident, as stated in the minutes; one points out that defendant was arrested by the city police, not by Officer Longseth, as the minutes said; another quarrels with the difference between the minutes, which said the officer would testify he asked Dr. Eggers at the jail to take a specimen of defendant's blood, while the evidence showed this request was made at the hospital; and the last one points out an inconsistency between the minutes and the testimony as to whether defendant consented to a blood test in writing or orally.

It should be noted every substantive fact Officer Longseth testified to was covered by the minutes of testimony furnished defendant under § 769.4. It is quite true, as the state concedes, the minutes were carelessly prepared and contained a number of inaccuracies. However, none of these was material nor did they prejudice defendant in his defense. We believe the minutes of

Officer Longseth's testimony was clearly sufficient under our previous decisions. State v. Lanphear, 220 N.W.2d 618, 621 (Iowa 1974); State v. Habhab, 209 N.W.2d 73, 75–76 (Iowa 1973); State v. Cunha, 193 N.W.2d 106, 111 (Iowa 1972); State v. Miller, 259 Iowa 188, 196, 142 N.W.2d 394, 399, 400 (1966).

II. Defendant's only other complaint disputes the ruling of the trial court in admitting over objection four exhibits, all relating to the blood test to which he submitted. Officer Longseth, Dr. Robert Eggers (who took the blood specimen from defendant), and Robert W. Baughman (who made the analysis) all testified concerning this matter. No objection is urged here to the oral evidence proffered by these witnesses. The only objection relates to the four exhibits introduced as part of their testimony.

The attack against the admission of each exhibit is based on an objection which claims it "has no relevancy;" that it has the "prejudicial tendency" to emphasize a particular aspect of the evidence; and that it unfairly "emphasizes what the [witness] testified to under direct examination."

■ Of course, when relying on a blood test taken pursuant to our implied consent law, the state must prove the foundational facts which make the results of the test admissible under the provisions of Chapter 321B, The Code. State v. Binkley, 201 N.W.2d 917, 919–920 (Iowa 1972); Lessenhop v. Norton, 261 Iowa 44, 52–53, 153 N.W.2d 107, 112 (1967). The state had that burden in the present case.

■ Relevancy involves less an application of settled rules of law than it does of logic and reason. One authority has said that "whatever naturally and logically tends to establish a fact in issue is relevant, and that which fails to qualify in this respect is not relevant." See 1 Jones on Evidence (6th Ed., Gard, 1972), § 4:1, page 378. The same authority tells us this at page 379:

"In determining a dispute concerning the relevancy of proffered evidence, the question to be resolved is whether there is a logical or rational connection between the fact which is sought to be proved and a matter of fact which has been made an issue in the case."

See also McCormick on Evidence (2nd Ed. 1972), § 185.

Do the exhibits in the present case meet that test? Exhibit 1 is a form of consent submitted by Officer Longseth to defendant asking that he give written permission to a blood test; Exhibit 2 is the written request submitted by the officer to Dr. Eggers asking that he withdraw a sample of defendant's blood; Exhibit 3 is a replica of the kit used in withdrawing and preserving a sample of defendant's blood; and Exhibit 4 is a copy of Mr. Baughman's report of the analysis of the blood sample.

We hold the exhibits were clearly relevant to the proof of several vital issues—whether the test comported with the statutory demands of Chapter 321B, The Code, and, the ultimate question, whether defendant was under the influence of an alcoholic beverage as alleged. See State v. Warren, 212 N.W.2d 509, 517 (Iowa 1973).

Nor can we accept that part of defendant's argument which says the exhibits lack relevancy because he did not challenge the test procedures or its results. From this he insists those matters were not issues in the case.

In making this claim defendant conveniently ignores that his not guilty plea obligates the state to prove each element of the crime beyond a reasonable doubt. The blood test results were important to establish one of these—that defendant was under the influence of an alcoholic beverage. These exhibits were rightly received to support and strengthen the testimony offered by Officer Longseth and the two expert witnesses concerning that matter.

■ Finally, and somewhat inconsistently, defendant argues the exhibits should

have been excluded because they were merely cumulative. Assuming the objection at trial was broad enough to include this complaint, we find it has no merit. Evidence is not inadmissible simply because it is cumulative, and the admission of such evidence rests largely in the discretion of the trial court. 1 Jones on Evidence, supra, § 1.5, page 6; State v. Sommer, 249 Iowa 160, 178, 86 N.W.2d 115, 126 (1957). The trial court properly allowed the exhibits to go in.

III. Finding no reversible error in either issue raised by defendant's appeal, we affirm the judgment of the trial court.

Affirmed.