**STATE of Iowa, Appellee,**

v.

**Jean Ann RICHARDS, Appellant.**

**No. 57343.**

Supreme Court of Iowa.

May 21, 1975.

David J. Stein, Milford, for appellant.

Richard C. Turner, Atty. Gen., and James C. Ladegaard, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals her conviction by jury and sentence for operating a motor vehicle under the influence of an alcoholic beverage (OMVUI) in violation of § 321.281, The Code. She contends the trial court erred in overruling her pretrial motion to suppress evidence relating to a blood test for alcoholic content. We hold the motion should have been sustained and therefore reverse the trial court.

Two questions are presented. First, did the defendant waive the motion to suppress by disclaiming any objection to admissibility of two implied consent forms at trial?

Second, if not, did the trial court err in overruling the motion to suppress?

At about 11:30 p. m. December 1, 1973, trooper Larry Stanislav of the Iowa Highway Patrol was driving north through the town of Milford. He saw an automobile driven by defendant turn in the path of an oncoming vehicle, almost causing a collision. Defendant's vehicle was stopped in a parking lot when Stanislav caught up with it. The officer asked defendant to get out of her car. He noted various symptoms of intoxication and placed her under arrest for OMVUI.

Stanislav placed defendant in his patrol car and started to take her to the sheriff's office in Spirit Lake. On the way he gave her the Miranda warning and then explained the implied consent procedure to her. He told her that if she refused to take a blood test her driver's license would be revoked for a period of time. He asked her if she would submit to a blood test. His request was oral, not written. She asked the officer what he would do in her circumstances. Stanislav told her he could not advise her but could only ask if she would take the test. She repeated her inquiry five or six times and he gave the same answer each time. Then she solicited his advice "as a friend." He told her that if he was in her position he would take the test. She responded, "I guess I might as well."

They proceeded to the Dickinson County Hospital, located near highway 71 between Milford and Spirit Lake. There, while a nurse was preparing to withdraw the blood, Stanislav filled out a printed form requesting the nurse to withdraw the specimen. He completed it before the blood was withdrawn. The time of request was shown as 11:49 p. m. Although he did not hand the form to the nurse, it was on a counter about two feet from the nurse, she saw it before she withdrew the blood, and she knew what it was. After the blood was withdrawn, Stanislav delivered the form to her and asked her to sign it, acknowledging the request. The nurse did so.

After placing the blood specimen in the hospital refrigerator, Stanislav took defendant to the sheriff's office in Spirit Lake and started work on an OMVUI report. During the course of that work he filled out an implied consent form, which included a written request that defendant submit to a blood test. The time of request was shown on the form as 12:47 a. m., despite the fact the blood sample had actually been taken almost an hour earlier.

By then defendant had obtained counsel. Stanislav presented the form to defendant, asking her to sign it. Upon advice of counsel, she did sign it although she did not check the place where she was to indicate whether she consented to or refused the test.

In her pretrial motion to suppress evidence of the blood test, defendant asserted two deficiencies in the blood test procedure. One was failure of the officer to make a timely written request of defendant to submit to the blood test. The other was failure of the officer to make a timely written request of the nurse to withdraw the specimen.

The motion was submitted to Judge Murray S. Underwood. He found the procedure substantially complied with the requirements of the implied consent statute and overruled the motion. Judge Richard W. Cooper presided at trial. Immediately before trial, defendant renewed her motion to suppress and requested a standing objection to evidence of the blood test. Judge Cooper held Judge Underwood's ruling to be "the law of the case" and overruled the motion. He allowed the standing objection but said it would be overruled throughout the trial.

Defendant's appeal challenges Judge Underwood's ruling. In resisting, the State alleges that defendant during trial waived any error in Judge Underwood's ruling and that, in any event, the ruling was correct.

I. We must first decide the question of waiver. In doing so we are handicapped by an incomplete record. The parties caused only a portion of the record to be tran-

scribed. That portion does not include the offer of the blood test analysis. Defendant asserts in her brief that when the test result was offered, her counsel objected to it as he had in the pretrial motion. The State does not argue otherwise. Instead, the State relies solely on the part of the trial record in which the implied consent forms were offered into evidence.

When the form containing the written request to the nurse to withdraw the blood specimen was offered at trial, counsel for defendant brought out the circumstances surrounding its execution as in the pretrial hearing. Then counsel said he had no objection to admissibility of the exhibit. The circumstances surrounding execution of the belated written request to defendant that she submit to the blood test were also shown. When that exhibit was offered, counsel for defendant said, "I have no objection to the form."

The State acknowledges the rule that when a defendant's pretrial motion to suppress evidence is overruled, appellate review will be accorded on proper assignment as to the record then made without renewal of the objection when the evidence is offered at trial. State v. Untiedt, 224 N.W.2d 1, 3 (Iowa 1974). However, the State argues the rule is inapplicable when at trial the defendant affirmatively disclaims objection to the same evidence. Cf. State v. Vest, 225 N.W.2d 151, 152 (Iowa 1975).

■ When the trial record is sufficient to show a conscious and intentional relinquishment of a pretrial objection to evidence, the pretrial objection is waived. Lawn v. United States, 355 U.S. 339, 352–355, 78 S.Ct. 311, 319–320, 2 L.Ed.2d 311, 331–333 (1958). This is analogous to the rule that the right to attack instructions in a motion for new trial in a criminal case is waived by a presubmission express disclaimer of exceptions. State v. Dague, 206 N.W.2d 93, 95 (Iowa 1973); State v. Hartung, 239 Iowa 414, 423–424, 30 N.W.2d 491, 497 (1948).

The issue here is whether the record shows a conscious and intentional relin-

quishment by defendant of her pretrial objection to evidence of the blood analysis. The State, in its amendment to defendant's abstract of the record, included the parts of the transcript showing the offer and admission of the two implied consent forms. It did not include the part showing Judge Cooper's ruling on the renewed motion to suppress in which he gave defendant a standing objection to evidence of the blood analysis and held the objection would stand overruled throughout trial. The State also neglected to disclose the partial transcript did not include the offer of the blood analysis itself. Finally, the State did not reveal in its amendment to the record that the pretrial objection to evidence of the blood analysis was renewed by defendant in a motion to dismiss at the conclusion of the State's case-in-chief and again at the conclusion of all the evidence. Defendant also attacked the evidence in a requested instruction, which the court refused.

■ We regret we have been unable to rely on the record presented by the State in support of its argument of waiver. Once the State decided to rely on the theory of waiver, it was obligated to set out the complete record bearing on that issue in its amendment to the record. We should not be required to examine the trial transcript for matters which the State should have included in its amended abstract. § 793.-7(2), The Code.

■ Although defendant agreed to the introduction of the two implied consent forms into evidence, she did not concede compliance by the State with the statutory implied consent procedure. She did not agree at trial to introduction of the blood test result into evidence. No basis exists for the State's contention that she waived her pretrial objection to that evidence.

■■ Judge Cooper's pretrial reference to Judge Underwood's ruling on the motion to suppress as "the law of the case" cannot pass unnoticed. Although a ruling on a pretrial motion to suppress serves as a suf-

ficient predicate for assignment of error on appeal, nothing prevents the trial court from correcting the ruling at any time before final judgment. A change of judges makes no difference, since it is the same court. Allied Mutual Casualty Co. v. Long, 252 Iowa 829, 832, 107 N.W.2d 682, 683 (1961) ("A court may always correct error into which it has fallen, before final judgment."); Kuiken v. Garrett, 243 Iowa 785, 792–793, 51 N.W.2d 149, 154 (1952); see Gigolos v. Stavropoulos, 204 N.W.2d 619, 622 (Iowa 1973). Judge Cooper was not bound to follow Judge Underwood's ruling if he did not think it was correct.

II. We must next decide whether Judge Underwood's ruling was correct. Two requisites of the statutory implied consent procedure are at issue. They are found in §§ 321B.3 and 321B.4, The Code.

Under § 321B.3 a peace officer having reasonable cause to believe a person to have been operating a motor vehicle under the influence of an alcoholic beverage may invoke the implied consent procedure after arresting the person on that charge. In order to invoke the procedure the officer must make a written request of the person that he submit to a blood test. State v. Jensen, 216 N.W.2d 369, 372 (Iowa 1974); State v. Wallin, 195 N.W.2d 95, 96–97 (Iowa 1972).

Under §§ 321B.3 and 321B.4 the officer must also, if the arrested person agrees to the test, make a written request for the test to the person who will administer it. State v. Binkley, 201 N.W.2d 917, 918–919 (Iowa 1972); State v. Wallin, supra; State v. Boner, 186 N.W.2d 161 (Iowa 1971).

■ The State did not get over the first hurdle in this case. The officer did not make a written request to defendant that she submit to the blood test. She acceded to an oral request. We are unable and unwilling to say defendant's accession to an oral request obviated the officer's duty to make the request in writing.

State v. Charlson, 261 Iowa 497, 154 N.W.2d 829 (1967), relied on by the trial court in its ruling and by the State here, does not support the court's ruling or the State's position. In that case this court held the requirement of a written request by the peace officer was inapplicable because the blood test was given at the request of the defendant and not under compulsion of the implied consent procedure. In State v. Wallin, supra, 195 N.W.2d at 97, we said, "We believe Charlson should be limited to its particular circumstances—a request [by the arrested person] that a blood test be taken. We decline to extend it beyond the conditions which there existed." We adhere to that view.

In this case defendant did not request the test. She submitted to it under compulsion of the implied consent statute. See State v. Hraha, 193 N.W.2d 484 (Iowa 1972).

The State argues that the statute was substantially complied with when the officer presented the written request to defendant almost one hour after she submitted to the blood test. This argument is premised on speculation that if she had refused to sign the form the prior test would have been nullified and she would have then been offered alternative tests. In effect, the State contends her signature on the form ratified what had been done. We do not agree.

■ The statute requires the request to precede submission to the test. It requires the request to be in writing. A written request which follows the test is untimely; it does not comply with the statute. The written request is one of the foundation requirements for admissibility of the blood analysis. The burden is on the State to prove the foundation facts which make the blood test result admissible. State v. Maxwell, 222 N.W.2d 432, 434 (Iowa 1974). We have said, "It would not serve the cause of justice for us to make extended inferences to correct a faulty foundation and thereby dilute the statutory protection afforded defendant." State v. Shelton, 176 N.W.2d 159, 161 (Iowa 1970).

We refuse to follow the speculative path urged upon us by the State in seeking to meet its burden here.

 We have held that when requested to submit to a chemical test, any answer by the arrested person other than an unconditional assent will be deemed a refusal to take the test. Morgan v. Iowa Department of Public Safety, 227 N.W.2d 155 (Iowa 1975), and citations. In keeping with this standard, the request itself must also be unequivocal and in proper form. See Commonwealth v. Powers, 453 S.W.2d 260 (Ky. 1970). Anything less would unduly dilute the procedural safeguards in the statute.

The statutory requirement of a written request to the arrested person prior to administration of the test was not met in this case. This deficiency was not waived by the defendant nor cured when the form was presented after the specimen was withdrawn. The trial court erred in overruling defendant's pretrial motion to suppress.

We do not reach the issue of the officer's alleged failure to make a written request of the nurse to administer the test.

Reversed and remanded.