**STATE of Iowa, Appellee,**

v.

**Floyd CONNER, Appellant.**

**No. 66147.**

Supreme Court of Iowa.

Jan. 20, 1982.

Scott D. Rosenberg, State Appellate Defender's Office, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., Dan Johnston, Polk County Atty., and Michael Hansen, Asst. Polk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN, and SCHULTZ, JJ.

SCHULTZ, Justice.

On June 24, 1980, defendant, Floyd Conner, was an inmate of the Polk County Jail awaiting trial on a charge of first-degree robbery. At approximately 9:30 a. m. defendant and another inmate fled from an outside recreational area of the jail. During the course of their flight, the prisoners approached an automobile that had just been parked. The occupant was pulled from the vehicle, but before the two prisoners could perfect their getaway, they were captured by pursuing sheriff's deputies.

As a result of this incident, defendant was convicted by jury verdict of escape from custody, in violation of section 719.-4(1), The Code 1979, and robbery in the second degree, in violation of sections 711.1 and 711.3, The Code 1979. He appeals, contending the trial court erred in: (1) admitting into evidence exhibits showing the prior pending charge of first-degree robbery; (2) overruling his objection to testimony of a witness concerning matters not contained in the minutes of testimony; (3) refusing to dismiss the escape charge on the ground that section 719.4(1) violates the equal protection clause of the fourteenth amendment to the United States Constitution; and (4) overruling his motion for a directed verdict of acquittal on the escape charge. We find no reversible error and affirm the judgment of the trial court.

I. *Admission of evidence of other pending criminal charge.* Section 719.4(1) provides:

A person convicted of a felony, or charged with the commission of a felony, who intentionally escapes from any detention facility or institution to which the person has been committed by reason of such conviction or charge, or from the custody of any public officer or employee to whom the person has been entrusted, commits a class "D" felony.

In order to obtain a conviction for the charge of escape from custody under section 719.4(1) under the facts of this case, it was necessary for the State to prove that defendant: (1) had been previously charged with a felony; (2) had been committed to a detention facility by reason of such charge; and (3) intentionally escaped from said detention facility. *State v. Burtlow,* 299 N.W.2d 665, 669 (Iowa 1980).

To prove the first two elements the State called as witnesses Linda Dye, a deputy clerk of court, and Paul K. Asher, assistant chief jailer at the Polk County Jail. Dye identified State's exhibit 1–A as a certified copy of a preliminary complaint filed against defendant and stated that a warrant of commitment had been issued for defendant. Dye also identified State's Exhibit 1–B as a trial information filed against defendant. Over defendant's objection that the witness was not legally competent to give an opinion as a matter of law, Dye was allowed to testify that the warrant of commitment and information showed that defendant was charged with a felonious crime. Asher testified that defendant was an inmate in the Polk County Jail pursuant to a warrant of commitment on June 24, 1980.

Over defendant's objection, five exhibits were also introduced into evidence by the State. Exhibit 1–A, the preliminary complaint, and Exhibit 1–B, the trial information, revealed that defendant was charged with first-degree robbery. Portions of these exhibits were blocked out to prevent disclosure of the names of witnesses and the manner in which the crime was commit-

ted. Exhibit 1–C, an arraignment sheet, Exhibit 3, a warrant of commitment, and Exhibit 4, a jail card, showed defendant was arraigned, incarcerated, and was in jail at the time of his alleged escape, but did not reveal that defendant was charged with first-degree robbery.

Defendant claims the trial court erred in allowing the exhibits to be introduced into evidence. He contends that the State had already introduced evidence of the previous felony charge and commitment to a detention facility with the testimony of Dye and Asher and that the probative value of the exhibits, which show defendant was previously charged with first-degree robbery, is substantially outweighed by the danger of unfair prejudice, since defendant was charged with second-degree robbery in this action. The State, however, maintains that the exhibits were properly admitted to prove the elements of escape.

■ As a general rule the prosecution may not prove a crime by proof that the defendant committed another criminal act or that the defendant has a criminal disposition. *State v. Belieu*, 288 N.W.2d 895, 901 (Iowa 1980); *State v. Cott*, 283 N.W.2d 324, 326 (Iowa 1979); *McCormick's Handbook of the Law of Evidence* § 190, at 447 (2d ed. E. Cleary 1972). "The purpose of the rule is to exclude from the jury's consideration evidence which has no relevancy except to show that the defendant is a bad person and thus likely committed the crime in question." *Cott*, 283 N.W.2d at 326. However, the rule is inapplicable to evidence of a fact or element in issue other than the defendant's criminal disposition, such as:

> "(1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other, (5) identity of the person charged with the commission of the crime."

*Id.* at 326 (quoting *State v. Folkens*, 281 N.W.2d 1, 5 (Iowa 1979) (citations omitted)). The basic standard for admissibility of such evidence is relevancy; but even when the evidence is relevant, the trial court must exercise its discretion to determine whether the probative value of the evidence is substantially outweighed by danger of unfair prejudice. *State v. Gibb*, 303 N.W.2d 673, 682 (Iowa 1981); *State v. McDaniel*, 265 N.W.2d 917, 921 (Iowa 1978).

■ As already noted, two of the essential elements of escape from custody under section 719.4(1) are a previous felony charge and a corresponding commitment to a detention facility by reason of such charge. The exhibits at issue are clearly relevant to prove these elements. The remaining issue is therefore whether the trial court abused its discretion because the probative value of the exhibits is substantially outweighed by the danger of unfair prejudice to defendant.

Although Dye testified that defendant was convicted of a felonious crime and Asher testified that defendant was in jail on the date of his alleged escape, evidence is not inadmissible merely because it is cumulative. *State v. Maxwell*, 222 N.W.2d 432, 435 (Iowa 1974). The State must prove each element of a criminal offense beyond a reasonable doubt, Iowa R.Crim.P. 21(9), and is entitled to present evidence sufficient to meet this high standard of proof. Since the jury was not required to believe the testimony of Dye or Asher, the exhibits were highly probative evidence. They corroborated the testimony of the two witnesses and established two of the essential elements of the offense of escape.

The trial court gave the jury a cautionary instruction explaining the limited purpose for which the evidence of defendant's previous charge of first-degree robbery could be considered. The instruction stated that the evidence could be used only for determining whether defendant was committed on a felony charge at the time of his alleged escape, and for no other purpose. Only in extreme cases will such a cautionary instruction be deemed insufficient to remove the danger of prejudice. *Belieu*, 288 N.W.2d at 901. This is not such a case. We find no abuse of discretion by the trial court.

It is interesting to note that defendant was given an opportunity to stipulate that he was charged with a felony, but he refused to do so. Had defendant so stipulated, the trial court could have instructed the jury that defendant had been previously charged with a felony. Under such a stipulation, it would have been unnecessary to introduce exhibits specifying the first-degree robbery charge and the danger of unfair prejudice from their admission may have outweighed their probative value. See State v. Walton, 311 N.W.2d 110, 112 (Iowa 1981).

II. *Testimony concerning matters not contained in the minutes of testimony.* At trial Deputy Sheriff Bill Lewis testified that after the escape he observed that a screw had been removed from the south gate in the recreation area, that the screw helped attach the lock to the gate, and that after the screw had been removed the gate would swing open. This testimony was admitted over defendant's objection that it was not contained in the minutes of the testimony. Defendant contends the trial court erred in overruling his objection and that he was prejudiced because the testimony is probative of the intent element of the escape charge.

Iowa R.Crim.P. 5(3) requires the prosecuting attorney to file with the trial information minutes of evidence for each witness expected to testify at trial, including a "full and fair statement of the witness' expected testimony." The minutes of Lewis' testimony stated in general terms his observations in the recreation area prior to the escape and that he heard a gate open and saw two inmates escape. No mention was made that Lewis would testify about the missing screw or the condition of the lock or gate.

We need not determine whether the trial court erred in overruling defendant's objection, however, because even if the admission of the testimony constituted error, it was harmless. In State v. Waterbury, 307 N.W.2d 45, 50–51 (Iowa 1981), we stated:

In State v. Walker, 281 N.W.2d 612, 614 (Iowa 1979), we observed rule 5(3) was enacted to provide the accused with information "sufficient—fully and fairly—to alert defendant generally to the source and nature of the evidence against him." We reinforced the rule in State v. Olsen, 293 N.W.2d 216, 220–21 (Iowa), cert. denied, [449] U.S. [993], 101 S.Ct. 530, 66 L.Ed.2d 290 (1980), by reversing for the prosecution's failure to comply with it. But in this case defendants were thoroughly apprised of the evidence to be presented by this witness's testimony two months before trial. The elements of surprise or prejudice were nonexistent. Thus we hold there was no reversible error in permitting the testimony to be introduced despite the faulty minute in the trial information. See State v. Smith, 282 N.W.2d 138, 141 (Iowa 1979). Our ruling should not be interpreted as imposing any burden on an accused to take discovery depositions to avoid a claim of waiver of error relating to an incorrect or insufficient minute of testimony.

As in *Waterbury* defendant cannot complain that he was surprised or prejudiced by Lewis' testimony. The same information was elicited from the witness in a discovery deposition taken ten days prior to trial. Hence, we find no reversible error.

III. *Equal protection.* Defendant maintains that the trial court erred in refusing to dismiss the escape charge. He argues that section 719.4(1) unfairly discriminates against persons who have been charged with but not convicted of a felony at the time of their escape because persons who have merely been charged with a felony receive the same penalty as persons who have already been convicted of a felony. He contends there is no rational basis for the classification of persons charged with a felony in the same category as persons convicted of a felony and that section 719.4(1) therefore violates the equal protection clause of the fourteenth amendment to the United States Constitution.

Generally, a claim of denial of equal protection involves an assertion that the government has subjected someone to disparate treatment as compared to other persons similarly situated. *See, e.g., Mills v. State*, 308 N.W.2d 65 (Iowa 1981); *DeShon v. Bettendorf Community School District*, 284 N.W.2d 329 (Iowa 1979); *State v. Kyle*, 271 N.W.2d 689 (Iowa 1978). Here, however, defendant, in essence, claims unequal protection of the law due to similar treatment of persons that are dissimilarly situated. Since the State does not contend that defendant must show disparity of treatment to prove a denial of equal protection, we confine our examination to defendant's contention that the legislature acted arbitrarily in enacting section 719.4(1) by placing persons charged with a felony in the same category as persons convicted of a felony.

The legislature has vast authority and wide discretion in determining the classifications of persons to which its legislation shall apply. *Dickinson v. Porter*, 240 Iowa 393, 401, 35 N.W.2d 66, 72 (1948), *appeal dismissed*, 338 U.S. 843, 70 S.Ct. 88, 94 L.Ed. 515 (1949). A statute does not violate equal protection unless there is no rational basis for the classification made by the legislature. *Bierkamp v. Rogers*, 293 N.W.2d 577, 580–81 (Iowa 1980). The test is whether a rational relationship exists between the classification made and the governmental interest sought to be accomplished. *Mills*, 308 N.W.2d at 67. In making this determination a strong presumption of constitutionality is afforded the statute. *Franks v. Kohl*, 286 N.W.2d 663, 669 (Iowa 1979). When the constitutionality of a statute is only doubtful or debatable, we will not set it aside; every reasonable basis of support for the provision must be negated by the challenger. *Id.*

In *Burtlow* we concluded that the legislature intended to punish unauthorized departures from physical restraint under section 719.4(1) more severely than modes of escape involving a mere failure to return from an authorized release because in the former case "a danger of injury to persons

or property exists." 299 N.W.2d at 669. In enacting section 719.4(1) the legislature could have rationally concluded that the danger presented by persons charged with a felony is just as great as the danger presented by persons who have been convicted of a felony. The legislature also may have reasonably considered the importance of having the guilt or innocence of persons charged with felonies adjudicated and having convicted felons serve their sentences, as well as the cost of recapture, to be equal for both classes, warranting equal punishment as a deterrent to escape. Accordingly, we hold that the legislature had a rational basis for imposing equal punishment for persons charged with a felony and persons convicted of a felony. Defendant was not denied equal protection under section 719.-4(1).

IV. *Sufficiency of the evidence.* Defendant contends the trial court erred in overruling his motion for a directed verdict of acquittal on the escape charge because the evidence was insufficient to engender a jury question. The standards for reviewing evidential sufficiency are set out in *State v. Robinson*, 288 N.W.2d 337, 339–40 (Iowa 1980). Applying those standards, we hold that the evidence is sufficient to support the jury's guilty verdict.

We have thoroughly examined all of defendant's contentions and, finding no reversible error, we affirm the judgment of the trial court.

AFFIRMED.