STATE of Iowa, Appellee,

v.

Jacinto F. MENDIOLA, Appellant.

No. 83–540.

Supreme Court of Iowa.

Jan. 16, 1985.

Charles L. Harrington, Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Sherie Barnett, Asst. Atty. Gen., and William E. Davis, Scott Co. Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and SCHULTZ, JJ.

HARRIS, Justice.

We granted further review from a decision of the court of appeals which, by operation of law, affirmed defendant's conviction of possessing a controlled substance with intent to deliver. Iowa Code § 204.-401(1) (1981). The sole issue on appeal was whether it was error to admit evidence of defendant's prior conviction of a similar offense in Texas. Under the circumstances we think it was not error. We affirm.

Police were told of the presence of people in a supposedly vacated, condemned house. On investigating they were let into the residence by defendant. Another person, Jesus Diaz, was also present in the house. While there the officers saw a one-pound bag of marijuana. Defendant and Diaz were arrested and on further search the officers found another bag of marijuana, five small plastic baggies filled with marijuana (described by prosecution witnesses as "user amounts"), and two sets of scales.

The defendant waived a jury and a bench trial was had. The State did not offer evidence of the Texas convictions in its case in chief, but did show the presence in the house of the marijuana and scales. After the State rested defendant elected to testify. Before taking the stand he moved in limine to prevent the State from introducing evidence of his prior conviction in Texas of possession with intent to deliver marijuana. Responding to the motion in limine the prosecutor stated there was no present plan to offer evidence of the Texas conviction but noted:

> [O]n the other hand, such prior criminal activity ... can be used to show motive, knowledge or intent and so we ... alert the court to the fact that, if the defendant does take the stand and denies motive, knowledge or intent, we would, with those prior convictions or bad acts, attempt to establish his motive, knowledge, or intent.

During his direct testimony defendant sought to avoid the impact of the marijuana, the baggies, and, especially, the scales by denying any knowledge that the scales could be used to weigh the marijuana. This denial was crucial because the State's necessary proof of motive and intent rested entirely on this physical evidence and defendant's awareness of it. In cross-examining the defendant the State addressed defendant's denial by inquiring, over timely objection, into the Texas conviction. The evidence was admitted.

We have held "evidence of a separate crime is inadmissible as bearing on defendant's guilt unless it falls within the established exceptions." *State v. Powell*, 256 N.W.2d 235, 237 (Iowa 1977). We recognize five exceptions: (1) motive; (2) intent;

(3) absence of mistake or accident; (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one is proof of the other; and (5) identity of the person charged with commission of the crime. *State v. Conner,* 314 N.W.2d 427, 429 (Iowa 1982) (quoting *State v. Cott,* 283 N.W.2d 324, 326 (Iowa 1979)). Iowa rule of evidence 404(b) lists more exceptions but it was not effective so as to be involved in this case.

 Exclusion of evidence of other crimes is based on the view that it is ordinarily not relevant. *Conner,* 314 N.W.2d at 429. The exceptions are built around situations where the prior crime is relevant, not because the prior act tends to prove defendant is a bad person who has the capacity to commit bad acts, but because the prior act tends to establish an element in the pending prosecution. *See State v. Kern,* 307 N.W.2d 22, 26–27 (Iowa 1981).

The prior crime, if relevant under one of the exceptions, is admissible so long as its probative value outweighs its prejudicial effect. *State v. Walsh,* 318 N.W.2d 184, 185 (Iowa 1982).

Usually a defendant's knowledge regarding the activity that makes up a criminal charge is crucial to the State's case. When this is true, and when the defendant's prior crime tends to prove knowledge with respect to the current crime, the prior act becomes relevant and admissible in the face of the general rule against introducing prior crimes. *State v. McDaniel,* 265 N.W.2d 917, 921 (Iowa 1978) ("[The defendant's prior bad act] also helped to establish defendant's knowledge that the bag contained drugs.") Defendant here was charged with possession with intent to deliver a controlled substance. His knowledge is crucial to the charge. *State v. Gibb,* 303 N.W.2d 673, 682 (Iowa 1981). We are told that distributors of marijuana secure their goods in bulk and by the use of scales mete it out into the quantities affordable to their average consumer. After defendant denied knowing the scales could be used to weigh marijuana the State was entitled to use the Texas conviction to dispute the denial. The earlier conviction tended to prove defendant had knowledge concerning the use of the scales and was properly admitted.

AFFIRMED.

All Justices concur except McCORMICK, J., who concurs specially.

McCORMICK, Justice (concurring specially).

I doubt that the fact of defendant's previous conviction in Texas for possession with intent to distribute marijuana was probative on the issue of whether defendant knew that drug dealers weigh marijuana on scales. It does not appear, however, that defendant preserved error because he made no objection when the evidence was offered at trial. When a motion in limine is overruled, error is not preserved unless objection is made when the evidence is offered. *Twyford v. Weber,* 220 N.W.2d 919, 924 (Iowa 1974). I therefore concur in the result.