**STATE of Iowa, Appellee,**

v.

**David Wayne GOODSON, Appellant.**

No. 92–1194.

Court of Appeals of Iowa.

Feb. 25, 1994.

Linda Del Gallo, State Appellate Defender, and Rachelle Hjelmaas, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., Thomas J. Ferguson, County Atty., and Kimberly A. Griffith, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and SACKETT and HABHAB, JJ.

OXBERGER, Chief Judge.

On March 31, 1991, at 1:45 a.m., police officers Mark Meyers and Al Carrier took a routine walk through Goodies Lounge in Waterloo, Iowa. When they entered, defendant David Goodson walked hurriedly towards the men's restroom at the back of the lounge. The police officers followed defendant into the restroom. The officers asked defendant if he had anything on him. Defendant then reached for something under his jacket and turned toward the toilet. The police officers grabbed defendant's hand and pried it open. Defendant was holding a small pill bottle which was found to contain 2.0 grams of crack cocaine in the form of twenty-one rocks. The defendant also had $95 in cash. He was arrested at the scene.

Defendant was charged with possession of cocaine with intent to deliver, in violation of Iowa Code section 204.401(1)(b) (1991), and failure to affix a drug tax stamp, in violation of section 421A.12.

The State sought to introduce evidence of a prior incident pursuant to Iowa Rule of Evidence 404(b) to show motive, opportunity, intent, preparation, knowledge, and absence of accident. On May 1, 1989, the Waterloo police department received information from an informant that defendant would be arriving on a bus from Minneapolis, Minnesota, and that he would be carrying a controlled substance. Police officers then met defendant at the bus station. Defendant tried to run away, but was caught. When officers stated they were going to bring in a drug-sniffing dog, defendant motioned toward a pocket. Defendant had a small envelope containing 6.245 grams of crack cocaine in his pocket. He was arrested and charged with possession of cocaine with intent to deliver. However, after a jury trial he was convicted of the lesser offense of possession.

Prior to trial in the present case, defendant filed a motion in limine seeking to exclude evidence of the previous incident. The district court concluded the evidence was relevant and probative and not unduly prejudicial. The motion in limine was therefore denied.

Thereafter, defendant stated he wished to proceed in the case pro se. The court recognized his demand, but appointed defendant's previous counsel, Carter Stevens, to act as stand-by counsel.

The case proceeded to a trial by jury. The State presented evidence of the May 1989 incident. It also presented the testimony of two police officers that the quantity of crack cocaine found on defendant in May 1989 was indicative of an intent to deliver. Based on its pretrial rulings, the district court overruled defendant's objections. The court admonished the jury that the evidence should be considered only to show motive, intent, lack of mistake or accident. The court gave a jury instruction to the same effect.

The jury returned a verdict finding defendant guilty of the crimes charged. He filed a motion for new trial and motion in arrest of judgment. The motions were denied. After

sentencing, defendant appealed his convictions and sentence.

## I. PRIOR BAD ACTS

Defendant contends the district court should not have allowed the State to present facts from the prior crime in an effort to show his intent in the present incident. Defendant raises several different arguments to support his contention the evidence should not have been admitted.

A. Defendant claims the Double Jeopardy Clause should have prevented the State from presenting evidence to the jury concerning the "intent to deliver" element from the 1989 case because he was specifically acquitted on that element. He states that because he was charged with possession of cocaine with intent to deliver, but was actually convicted of the lesser charge of possession of cocaine, he was acquitted on the intent element in the earlier case.

■ Our review of constitutional issues is de novo. *State v. Gallup*, 500 N.W.2d 437, 442 (Iowa 1993). The United States Supreme Court has stated that the Double Jeopardy Clause does not exclude all relevant and probative evidence that is admissible under the rules of evidence simply because it relates to alleged criminal conduct for which a defendant has been acquitted. *Dowling v. United States*, 493 U.S. 342, 348, 110 S.Ct. 668, 672, 107 L.Ed.2d 708 (1990). This is because under Federal Rule of Evidence 404(b), similar act evidence is considered relevant if the jury could reasonably conclude that the act occurred and that the defendant was the actor. *Id.* Thus, a jury may reasonably conclude a defendant committed a previous crime even though an earlier jury did not believe beyond a reasonable doubt that defendant had committed the crime. *Id.* at 349, 110 S.Ct. at 672.

■ Federal Rule of Evidence 404(b) is similar to Iowa Rule of Evidence 404(b). Under our rule, clear proof of the alleged acts is required when evidence of prior bad acts is admitted. *State v. Spargo*, 364 N.W.2d 203, 209 (Iowa 1985); *State v. Aricivia*, 495 N.W.2d 364, 367 (Iowa App.1992). Clear proof is a lesser standard than "beyond

a reasonable doubt." *Spargo*, 364 N.W.2d at 209.

■ Thus, in Iowa where there is clear proof defendant committed a previous crime, evidence of the prior bad act may be admissible under rule 404(b), even though an earlier jury did not believe beyond a reasonable doubt that defendant had committed the crime. In the present case, there was clear proof defendant possessed cocaine with intent to deliver at the time of his 1989 arrest. The evidence showed he possessed sixty-two to sixty-three dosage units of crack cocaine and that this was far more than a user would carry. The crack cocaine was worth between $1,000 to $1,400. Also, defendant was not carrying any drug paraphernalia which would have given him a means of ingesting the crack cocaine.

We conclude defendant has not shown a constitutional basis to exclude the evidence of his prior bad acts.

B. Defendant contends the evidence of the prior criminal case should not have been admitted because the evidence was more prejudicial than probative.

■ On evidentiary issues we review for abuse of discretion. *Aricivia*, 495 N.W.2d at 367. In order to show an abuse of discretion, one generally must show that the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

■ The admissibility of evidence under rule 404(b) is determined by whether: (1) the evidence is relevant to establish a legitimate issue in the case; and (2) the probative value of the evidence outweighs the danger of unfair prejudice. *Id.*

■ In considering rule 404(b), the key is whether the challenged evidence is relevant and material to some legitimate issue other than a general propensity to commit wrongful acts. *State v. Casady*, 491 N.W.2d 782, 785 (Iowa 1992). When a defendant's knowledge regarding an activity that makes up a criminal charge is crucial to the State's case and the defendant's prior crime tends to prove knowledge with respect to the current crime, the prior act becomes relevant under

the rule. *State v. Mendiola,* 360 N.W.2d 780, 782 (Iowa 1985).

■ Although defendant did not present any evidence at his trial, through cross-examination he raised the contention that he had found the pill bottle on the floor at Goodies Lounge and did not know it contained crack cocaine. Thus, defendant's knowledge and intent became crucial elements to the State's case and evidence of his prior crime became relevant.

Unfair prejudice under rule 404(b) has been defined as an undue tendency to suggest decisions on an improper basis, commonly though not necessarily, an emotional one. *Casady,* 491 N.W.2d at 786. Defendant does not argue that the nature of his previous crime would trigger an emotional response. We do not find the district court clearly abused its discretion in finding evidence of defendant's prior crime was more probative than prejudicial. Therefore, we affirm the district court's conclusion that the evidence was admissible under rule 404(b).

■ C. Defendant also contends jury instruction No. 16 was inadequate because it did not inform the jury that he was acquitted of possession with intent to deliver and was only convicted of possession of cocaine. The instruction in question stated, in pertinent part:

> The defendant was convicted of Possession of a Controlled Substance on March 21, 1990, but that verdict is not to be considered by you in reaching a verdict in this case.

Defendant argues *Aricivia* is dispositive on this issue. 495 N.W.2d at 364. We find *Aricivia* is distinguishable from the present case. In that case, the defendant was charged with murder and the district court had allowed evidence that defendant had previously sexually abused the victim. *Id.* at 366. We found defendant should receive a new trial because evidence of the sexual abuse was admitted, but not evidence that charges against defendant on that charge had been dismissed. *Id.* at 368. We stated:

> We believe Aricivia's trial was tainted with unfair prejudice as a result of the "half-truths" admitted into evidence regarding the sexual abuse charges. We do not believe the jurors in this case could have given the evidence of the sexual abuse charges the proper weight it deserves without having heard *all* of the relevant evidence surrounding the issue.

*Id.* at 369 (Emphasis in original).

In the present case, however, the jury was told the result the prior criminal charges against defendant. The jury instruction in question specifically stated defendant was convicted of possession of a controlled substance. Thus, the jury was not given only a "half-truth," but was told the whole truth regarding the prior criminal charges. We conclude defendant has failed to show the district court abused its discretion in giving jury instruction No. 16.

## II. MERGER OF SENTENCES

■ Defendant claims his sentences for possession of cocaine with intent to deliver and failure to affix a drug tax stamp should have been merged under section 701.9 because his conviction for possession with intent to deliver is a lesser included offense of failure to affix a drug tax stamp.

Our supreme court has recognized that possession of a controlled substance with intent to deliver is a lesser included offense of failure to affix a drug tax stamp. *Gallup,* 500 N.W.2d at 442. The court noted that where the legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes prescribe the same conduct, cumulative punishment may be imposed. *Id.* at 443. The statutes in question here authorize cumulative punishment. *Id.* Thus, there is no requirement the two sentences be merged.

In summary, we affirm defendant's convictions and sentences for possession of cocaine with intent to deliver and failure to affix a drug tax stamp.

**AFFIRMED.**