# IN THE COURT OF APPEALS OF IOWA

No. 14-0278
Filed November 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARLOS JIMENEZ-REYES,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.


Carlos Jimenez-Reyes appeals from his conviction for possession of a controlled substance following a bench trial on the minutes of testimony. **AFFIRMED.**


John L. Dirks of Dirks Law Firm, Nevada, for appellant.

Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney General, Stehen H. Holmes, County Attorney, and Keisha Cretsinger, Assistant County Attorney, for appellee.


Considered by Bower, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**GOODHUE, S.J.**

Carlos Jimenez-Reyes appeals from his conviction for possession of a controlled substance following a bench trial on the minutes of testimony.

## I. Factual Background

At approximately 9:30 p.m. on November 2, 2013, Lieutenant Jeff Brinkley of the Ames Police Department noticed a parked vehicle with a lone occupant parked in a parking lot behind closed businesses. Brinkley parked his squad car in such a manner that the car he had observed could not leave the parking lot by going forward, but would need to back up to leave. Brinkley approached the vehicle on foot, knocked on the window of the car, and turned his flashlight in the direction of the car's interior. The officer observed cigarette rolling paper in the vehicle and motioned to the occupant that he wanted to talk to him. The occupant, later identified as Jimenez-Reyes, rolled down his window, and the officer immediately smelled marijuana. The officer believed the smell and what he had observed provided an exception to the search warrant requirement under the plain view concept.

The officer asked Jimenez-Reyes to step out of the car, and he complied. A search of the vehicle resulted in Brinkley locating marijuana in its interior. Jimenez-Reyes was arrested and charged with possession of marijuana.

Jimenez-Reyes filed a motion to suppress all evidence seized claiming its acquisition was a result of an illegal seizure. The motion was overruled. Jimenez-Reyes stipulated to a bench trial on the minutes of testimony, and he was found guilty as charged. Jimenez-Reyes has appealed, claiming he was unlawfully detained or in effect seized prior to the search.

## II. Error Preservation

When a pretrial motion to suppress is overruled by the trial court, no further objection to its admission at trial is necessary to preserve error. *State v. Richards*, 229 N.W.2d 229, 232 (Iowa 1975). Error has been preserved.

## III. Scope of Review

The claim of an alleged search and seizure raises constitutional issues; therefore the review is de novo and requires an independent review based on the totality of the circumstances as shown by the entire record. *State v. Baldon*, 829 N.W.2d 785, 789 (Iowa 2013).

## IV. Discussion

Jimenez-Reyes contends he was seized when Brinkley pulled up in his squad car and parked so he could not leave by traveling forward, shined his flashlight into the car window, and motioned indicating he wanted to talk to him.

Nearly fifty years ago the United States Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 19-27 (1968), confronted the tension between law enforcement's duty to investigate and the prohibition against unreasonable searches and seizures set out in the Fourth Amendment of the United States Constitution. The court stated: "Obviously not all personal intercourse between policemen and citizens involves 'seizures' of persons. Only when the officer by means of physical force or show of authority has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Terry*, 392 U.S. at 19 n.16.

Jimenez-Reyes cites studies that indicate people are naturally intimidated by uniformed officers and more likely to respond to their request than to the

request of an ordinary citizen. In that sense, Jimenez-Reyes responded to Lieutenant Brinkley's gesture, which he interpreted to be a request to open the window so Brinkley could talk to him. However, the test is not whether he was more responsive to the officer's request than he would have been to a request made by an ordinary fellow citizen. To constitute an illegal seizure of the person the circumstances encountered must be so intimidating that a reasonable person would have believed he was not free to leave had he not responded. *State v. Reinders*, 690 N.W.2d 78, 82 (Iowa 2004). The required element of coercion is not established by the usual indicia of police authority. *State v. Wilkes*, 756 N.W.2d 838, 843 (Iowa 2008).

Jimenez-Reyes relies in part on *State v. Pals*, 805 N.W.2d 767 (Iowa 2011), for his claim that he was unlawfully seized. *Pals* involved a consent to search that took place after a stop. 805 N.W.2d at 770-71. Jimenez-Reyes also relies on *State v. Haviland*, 532 N.W.2d 767, 768 (Iowa 1995), which again involved a traffic stop by law enforcement.

Our supreme court has distinguished *Pals* from a situation more similar to the one under consideration. *See State v. Lowe*, 812 N.W.2d 554, 575 n.11 (Iowa 2012). The *Lowe* court noted *Pals* was clearly distinguishable because Pals had been subjected to a traffic stop and was seated in the front seat of a squad car when the consent was given. *Id.* Whenever law enforcement stops a vehicle for whatever reason an element of coercion exists. *Id.; Pals*, 805 N.W.2d at 781.

There was no forced stop in this case. Even if a law enforcement officer has no basis for suspecting an individual of criminal activity, he or she has the

right to pose questions and ask for identification provided the officer does not use coercive means to induce cooperation. *State v. Smith*, 683 N.W.2d 542, 547 (Iowa 2004) (citing *United States v. Drayton*, 536 U.S. 194, 201 (2002)).

In summary, coercion is implied in a traffic stop. If a stop is not to be considered an illegal seizure it generally requires an articulable reason for a belief that some kind of criminal activity is afoot. *State v. Kooima*, 833 N.W.2d 202, 206 (Iowa 2013). Discourse initiated by law enforcement without a stop is not a seizure and does not usually require a suspicion of criminal activity. *State v. Harlem*, 301 N.W.2d 717, 719-20 (Iowa 1981). The factual situation in this matter is of the latter type. Jimenez-Reyes was in his car but there was no traffic stop involved. The factual situation is comparable to a law enforcement officer approaching someone on the street and asking for his name and identification.

**AFFIRMED.**