# IN THE COURT OF APPEALS OF IOWA

No. 14-1234
Filed February 25, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**AARON JAMES NELSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Shelby County, Mark J. Eveloff, Judge.

A defendant appeals from his conviction for operating while intoxicated, third offense. **AFFIRMED.**

Colin C. Murphy of Colin Murphy, P.C., Clear Lake, for appellant.

Thomas J. Miller, Attorney General, Heather R. Quick, Assistant Attorney General, and Marcus Gross, County Attorney, for appellee.

Considered by Danilson, C.J., Potterfield, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Aaron James Nelson appeals from his conviction for operating while intoxicated, third offense, following a bench trial on the minutes of evidence.

## I. Factual Background

Shelby County Deputy Sheriff Nathan Pigsley was notified by dispatch that an intoxicated driver was possibly leaving Harlan and headed towards his home. Deputy Pigsley was given Nelson's name as the driver, his home address, a description of the vehicle, and the license plate number. Dispatch received the information from a citizen tip. Deputy Pigsley proceeded on the most direct route between Harlan and the residential address he had been given. On the way to the residence, the deputy observed a vehicle fitting the description he had been given but did not observe any traffic violations or anything unusual about the operation of the vehicle. The deputy never turned on his siren or activated his lights.

The vehicle pulled into the residential driveway at the address the deputy had been given and voluntarily stopped. The deputy also pulled into the driveway and stopped. The driver of the vehicle turned out to be Nelson, and he had stopped because he was presumably home and clearly not because of any action the deputy had taken. The deputy got out of his car, knocked on the window of the vehicle to initiate a discussion, and when the window was opened the deputy immediately noticed the smell of an alcoholic beverage. The deputy administered sobriety tests to Nelson and ultimately charged him with operating while intoxicated.

Nelson filed a motion to suppress Deputy Pigsley's observations, the results of any tests administered, and any incriminating statements he may have made at the time of the arrest. Nelson asserted that the deputy had no reasonable suspicion or probable cause to seize him and his vehicle by parking behind it. The motion to suppress was overruled. Nelson waived the right to a trial by jury, and the matter went to trial on the stipulated minutes of evidence. Nelson was convicted and sentenced. Nelson has appealed, contending his motion to suppress should have been granted because the evidence obtained by Deputy Pigsley was the result of an unconstitutional seizure.

## II. Error Preservation

When a pretrial motion to suppress is overruled by the trial court no further objection to its admission at trial is necessary to preserve error. *State v. Richards*, 229 N.W.2d 229, 232-33 (Iowa 1975). Error has been preserved, and the State does not contend otherwise.

## III. Scope of Review

Constitutional issues have been raised; therefore, our review requires an evaluation of the totality of the circumstances. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). The reviewing court gives deference to but is not bound by the factual findings of the trial court because of its opportunity to evaluate the credibility of the witnesses. *Id.*

## IV. Discussion

A law enforcement officer must have a reasonable and articulable belief that criminal activity is afoot before he or she can make a stop consistent with the Fourth Amendment. *See State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002). To

justify a stop for investigating an alleged drunk driver a tipster must relay more than a bare assertion. *State v. Kooima*, 833 N.W.2d 202, 210 (Iowa 2013). Factors such as personal observation of erratic driving and other observations that establish the driver is intoxicated or details not available to the general public are required. *Id.* However, it is not necessary to analyze the existence of a valid basis for a stop if there has been no stop. *See State v. Pickett*, 573 N.W.2d 245, 247 (Iowa 1997). Deputy Pigsley did not turn on his siren, engage his lights, or otherwise direct Nelson to stop. Nelson pulled his vehicle into the driveway on his own accord and stopped the movement of the vehicle.

Nelson asserts there was a seizure when the deputy parked his vehicle in such a manner that he could not leave or alternatively his only way out was restricted. It is not disputed that he could not have driven forward and exited the premises. To leave, Nelson would have had to back up using the driveway on which he had entered and on which the deputy's vehicle was parked. Nelson asserts that those conditions constitute a seizure.

Absent coercive or authoritative behavior, such as a stop, and a driver's ability to drive away has not been substantially impaired, there is no seizure. *State v. Wilkes*, 756 N.W.2d 838, 844 (Iowa 2008). On the other hand, if the driver's ability to leave is wholly blocked by law enforcement, a seizure may be said to exist. *Id.*

Deputy Pigsley testified that Nelson could have exited by backing straight back. He testified that his vehicle was parked to the left of Nelson's. Nelson testified he would have had to back around the deputy's car but admitted it was not directly behind his vehicle. A video of the arrest was admitted into evidence

and examined by the trial court. The video showed the driveway and provided evidence of the location of the vehicle. In its ruling the trial court stated that it had reviewed the video and found the testimony of the deputy to be more credible than Nelson's. The court determined Nelson could have easily left the property if he desired. There is no basis in the record to challenge the trial court's finding of fact. There was no stop and no seizure of the vehicle while it was occupied by Nelson. The deputy knocked on the vehicle window and initiated his discussion with Nelson. Discourse initiated by law enforcement without a stop or seizure does not usually require a suspicion of criminal activity. *State v. Harlan*, 301 N.W.2d 717, 719-20 (Iowa 1981). There was no seizure until Officer Pigsley detected the strong odor of an alcoholic beverage.

**AFFIRMED.**