## IN THE COURT OF APPEALS OF IOWA

No. 14-0588
Filed May 6, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHARLES DAVID BROWN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.


A defendant appeals from his conviction for possession of marijuana with the intent to distribute. **AFFIRMED.**


Michael J. Piper of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brad P. Walz, Assistant County Attorney, for appellee.


Considered by Tabor, P.J., McDonald, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Charles David Brown appeals from his conviction for possession of marijuana with the intent to distribute.

## I. Background and Proceedings

On August 4, 2011, a Waterloo police officer, Michael Girsch, was in his patrol car on the east side of Waterloo when he heard loud music emanating from a vehicle close to his location. The officer determined the music could be heard one hundred feet away from the vehicle. Aware that there was a city ordinance in Waterloo that prohibited music that could be heard more than twenty-five feet from the vehicle of origin, he initiated a traffic stop. Officer Girsch activated the emergency lights in his patrol car, which automatically activated an in-car camera. The camera is programmed to record what it viewed beginning twenty seconds before its activation.

The subject vehicle came to a stop, and Officer Girsch observed it was occupied by four individuals. Officer Girsch advised the vehicle's driver why he had made the stop and asked the occupants for identification. At Officer Girsch's request, a second officer, Sean Monroe, and an officer trainee came to the scene.

While Officer Girsch was obtaining identification, Officer Monroe observed what appeared to be a bag lying on the street quite close to the passenger's side of the vehicle. Upon examination, he determined that it appeared to contain marijuana. The bag was in a location where it would have been run over by the apprehended vehicle if it had been there prior to the stop. The bag was clean in its appearance and did not indicate it had been run over or otherwise damaged.

The bag was later examined and found to contain nine smaller individual baggies, each containing an approximately equal amount of marijuana. When the officers viewed the videotape it revealed that soon after the stop, the occupant of the passenger side of the front seat, identified as Brown, had slumped down, opened the right front door, and closed it quickly. No one had approached the vehicle after the stop except the officers.

The occupants were ordered out of the vehicle and were searched, but no other marijuana or paraphernalia was found. The officers believed Brown had opened the front right door of the vehicle and dropped the bag onto the pavement. Brown was accordingly arrested. Later, a trial information was filed charging Brown with possession with the intent to deliver.

Brown filed a motion to suppress any evidence obtained as a result of the stop contending that the distance the music traveled was unknown and only a product of the officer's subjective determination. Brown's sister, the registered owner of the vehicle, testified at the suppression hearing that the sound system in the vehicle could not have been heard twenty-five feet away. She further testified that Brown had taken possession of the vehicle, was making the payments, and that she had not driven the vehicle for three months.

The motion to suppress was denied with the trial court stating, "[I]t is reasonable to infer that since he took possession of the vehicle in May, defendant upgraded the sound system to improve its performance as witnessed by the police officer." The matter went to trial, the jury convicted Brown, and he was sentenced accordingly.

## II.  The Search-and-Seizure Issue

### A.  Error Preservation

When a pretrial motion to suppress is denied by the trial court, no further objection is necessary to preserve error.  *State v. Richards*, 229 N.W.2d 229, 232 (Iowa 1975).

### B.  Scope of Review

The claim of an alleged illegal search and seizure raises constitutional issues and is reviewed de novo.  *See State v. Baldon*, 829 N.W.2d 785, 789 (Iowa 2013).  However, deference is given to the factual findings of the trial court. *State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

### C.  Discussion

Brown first contends the court erred in denying his motion to suppress. He correctly contends that a warrant or probable cause to search a particular location or person does not necessarily give rise to the right to search everyone found at that location or companions of the person to be searched.  *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979); *State v. Thomas*, 540 N.W.2d 658, 665-66 (Iowa 1995).  Brown fails however to relate how the concept set out above has any application to his factual situation.

Brown's motion to suppress was directed to the legality of the stop.  A police stop of a vehicle and temporary detention of the person occupying it is a seizure.  *State v. Predka*, 555 N.W.2d 202, 205 (Iowa 1996).  However, probable cause to believe the commission of even a minor traffic violation justifies stopping a vehicle.  *State v. Aderholdt*, 545 N.W.2d 559, 563 (Iowa 1996).  When the offense is ongoing a minor offense that cannot necessarily be considered a traffic

offense will justify a stop. *Pals*, 805 N.W.2d at 775. Giving the appropriate deference to the trial court's findings of fact in the ruling on the motion to suppress, noise emitted from the car radio travelled more than twenty-five feet creating an ongoing violation justifying the officer's stop.

Brown's brief filed in this court seems to contend that the search of Brown's person was an illegal search. There are several factors which make his contention inapplicable to the present situation: (1) the marijuana was discovered independent and before a body search of Brown, and the body search or the legality of it is immaterial to the evidence on which the prosecution's case was based; (2) the motion to suppress addressed only the stop itself and error has not been preserved as to the legality of the body search; and (3) the body search was conducted after the marijuana was observed in plain view. The observation of the bag of marijuana in plain view created probable cause to conduct a body search. *See State v. Horton*, 625 N.W.2d 362, 367 (Iowa 2001).

The motion to suppress was appropriately denied.

### III. The Sufficiency-of-the-Evidence Issue

A. Error Preservation

Brown made a motion for judgment of acquittal, which was overruled. When an issue is raised before the trial court and it is ruled on, error has been preserved. *LaMasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

B. Standard of Review

Sufficiency of the evidence claims are reviewed for errors of law. *State v. Keeton*, 710 N.W.2d 531, 532 (Iowa 2006). A verdict is to be upheld if supported by substantial evidence. *Id.* If a rational fact finder could find that the defendant

is guilty beyond a reasonable doubt, substantial evidence exists. *Id.* All of the record must be considered but it is to be considered in the light most favorable to the State. *Id.*

C. Discussion

Brown further contends there was insufficient evidence to sustain his conviction—specifically the evidence of possession—and the court erred in denying his motion for judgment of acquittal. We disagree. The location of the marijuana was such that it could have reasonably been dropped by the occupant seated in the front passenger side of the vehicle. The video revealed that the front passenger side door had been opened slightly and shut quickly, accompanied by a movement made by Brown. Possession does not require actual possession but requires that the contraband was in the possession of the accused at some point in time. *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014). The appearance of the bag containing marijuana indicated that it had been placed on the ground after the vehicle had arrived. Only the occupants of the vehicle and the law enforcement officers had access to the site between the time that the vehicle was stopped and the bag of marijuana was discovered.

Furthermore, Officer Girsch testified that he had worked as an undercover agent in the drug community as a member of the drug task force and that the packaging of the marijuana found was consistent for sale and distribution and not for personal use. In reviewing an insufficiency-of-the-evidence claim we are to employ all the legitimate inferences and presumptions favorable to the State that can be fairly deduced from the record. *State v. Williams*, 695 N.W.2d 23, 27

(Iowa 2005). Based on the evidence set out above, substantial evidence supporting the verdict exists.

**AFFIRMED.**