STATE of Iowa, Appellee,

v.

Alan Lee RUNGE, Appellant.

No. 57420.

Supreme Court of Iowa.

April 16, 1975.

Dircks & Saylor, by Joseph A. Grubisich and William E. Davis, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

RAWLINGS, Justice.

Appeal by defendant, Alan Lee Runge, from judgment on guilty plea to a breaking and entering charge. We reverse.

The record discloses Runge was originally accused of unlawfully entering a Long Grove home and there appropriating a coin collection.

Upon arrest he was taken to jail and searched. A bag of marijuana was found on his person. Another charge, possession of a controlled substance, was thereupon filed.

Runge entered a not guilty plea to breaking and entering. Sometime later defense counsel and the county attorney entered into a plea bargain. It was thereupon agreed that if defendant entered a guilty plea to breaking and entering the prosecutor would recommend probation and dismiss the "illegal possession" charge.

Upon being advised regarding the aforesaid plea bargain Runge withdrew his prior not guilty plea and pled guilty to breaking and entering.

In relevant part this is the pre-plea colloquy between trial judge and Runge:

"THE COURT: I understand, Mr. Runge, you wish to enter a plea of guilty [to the crime of breaking and entering]? DEFENDANT: Yes, sir.

"THE COURT: * * * Now do you admit to that charge? DEFENDANT: Yes, sir.

"THE COURT: This plea of guilty is your voluntary act? DEFENDANT: Yes, sir.

"THE COURT: Nobody's talked you into pleading guilty? DEFENDANT: No, sir.

"THE COURT: This is your own wish to do that? DEFENDANT: Yes, sir.

"THE COURT: You've heard the charge, and by pleading guilty you admit to the charge that you have just heard me read you; is that right? DEFENDANT: Yes, sir.

"THE COURT: Now, you understand that under our law, you have a right to a trial by jury, if you so desire? DEFENDANT: Yes, sir.

"*  *  *

"THE COURT: Now, again, I will tell you that this is a serious crime and the State of Iowa, what does it carry? MR. SCHEBLER [Assistant County Attorney]: Ten years, your Honor. Not to exceed ten years.

"*  *  *

"THE COURT: And you still want to plead guilty now? DEFENDANT: Yes, sir."

Absent any reference whatsoever to the plea bargain, at all times known to the presiding judge, as demonstrated *infra,* defendant's guilty plea was accepted. Trial court deferred entry of judgment pending receipt of a pre-sentence investigation report.

Later Runge was ordered committed to the Men's Reformatory at Anamosa for a term not to exceed ten years. Shortly thereafter he moved for leave to withdraw his guilty plea because it was premised upon a plea bargain which had not been kept. This motion was overruled.

In support of a reversal defendant contends trial court erred in (1) finding the guilty plea was knowingly and voluntarily entered and (2) imposing an excessive sentence under the circumstances.

By virtue of our holding on the first issue above raised we do not reach the second contention.

I. Section 1.5, ABA Standards Relating to Pleas of Guilty (Approved Draft), states:

"The court should not accept a plea of guilty or nolo contendere without first determining that the plea is voluntary. By inquiry of the prosecuting attorney and defense counsel, the court should determine whether the tendered plea is the result of prior plea discussions and a plea agreement, and, if it is, what agreement has been reached. If the prosecuting attorney has agreed to seek charge or sentence concessions which must be approved by the court, the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court."

And § 4.1, ABA Standards Relating to The Function of the Trial Judge (Approved Draft), provides:

"4.1 Role of the judge in plea discussions and plea agreements.

"*  *  *

"(c) If the plea agreement contemplates the granting of charge or sentence concessions by the trial judge, he should:

"(i) unless he then and there grants such concessions, inform the defendant as to the role of the judge with respect to such agreements, as provided in the following subparagraphs;

"(ii) *  *  *

"(iii) permit withdrawal of the plea (or, if it has not yet been accepted, withdrawal of the tender of the plea) in any case in which the judge determines not to grant the charge or sentence concessions contemplated by the agreement."

With regard to the foregoing standards, see generally "Introduction: The ABA Standards for Criminal Justice" by the Hon. Warren E. Burger, The American Criminal Law Review, Vol. 12, No. 2, Fall 1974, at 251–253.

About 20 days before Runge tendered his guilty plea an assistant county attorney privately advised trial judge regarding the aforesaid plea bargain concessions. The judge then made known his "policy" not to honor such sentence-related concessions in breaking and entering cases. Sometime thereafter this expressed view was related to defense counsel. The record is devoid, however, of any showing the defendant was likewise informed at any time before his guilty plea was tendered or accepted.

In State v. Sisco, 169 N.W.2d 542, 549 (Iowa 1969), we held a guilty plea not voluntarily entered was subject to attack. And, as to the effect of a plea bargain upon the voluntary nature of a guilty plea the court said in White v. Gaffney, 435 F.2d 1241, 1244 (10th Cir. 1970):

"It is difficult to perceive of a more effective influence on a decision whether or not to plead guilty to a criminal offense than an agreement with a prosecuting officer relative to his recommendation as to a sentence."

" 'A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A sentence based upon such a plea is open to collateral attack. * * *.' "

See also United States v. Mancusi, 275 F.Supp. 508, 515–519 (E.D.N.Y.1967).

Unquestionably Runge answered in the affirmative trial court's pre-plea acceptance inquiry as to whether he realized the judge had sole discretion in the matter of a sentence to be imposed. But this alone did not suffice. The aforesaid inquiry might, arguendo, connote to one trained in the law that any plea bargain was not binding on the court. But, to a lay person such connotation does not follow. See § 3.1(a), Commentary at 61, ABA Standards Relating to Pleas of Guilty (Approved Draft).

Briefly stated, defendant's guilty plea was not shown of record to have been free from inducement flowing from the county attorney's pre-plea concessions. Thus the controverted plea was not knowingly and voluntarily entered. See United States v. Mancusi, supra; State v. Fisher, 223 N.W.2d 243, 244–246 (Iowa 1974), and citations.

Moreover, the above noted county attorney's promised recommendation, on which defendant relied, was never made. In other words the bargain was not kept. See Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

In light of the foregoing this case must be reversed and remanded with instructions (1) the sentence be set aside; (2) defendant be allowed to withdraw his guilty plea; and (3) for further appropriate proceedings. In this regard see generally North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); People v. Riebe, 40 Ill.2d 565, 241 N.E.2d 313, 314–315 (1968); § 2.1, ABA Standards Relating to Pleas of Guilty (Approved Draft); Code § 777.15.

Reversed and remanded with instructions.