# IN THE COURT OF APPEALS OF IOWA

No. 13-2017
Filed October 15, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**WILLIAM LLOYD BUGELY,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

William Bugely appeals from the sentence following his plea of guilty to a charge of driving while barred. He claims his trial counsel afforded ineffective assistance by failing to move in arrest of judgment. **AFFIRMED.**

Angelina M. Thomas of Newbrough Law Firm, L.L.P., Ames, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Stephen P. Holmes, County Attorney, and Shean Fletchall, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

William Bugely appeals from the sentence following his plea of guilty to a charge of driving while barred. He claims his trial counsel afforded ineffective assistance by failing to move in arrest of judgment because the plea may have been insufficiently voluntary.

### I. Factual and Procedural Background

Bugely was charged by trial information with driving while barred, an offense for which he had been twice previously convicted. He initially pleaded not guilty, but on November 20, 2013, he pleaded guilty pursuant to a plea agreement with the State. The State agreed to recommend a $625 fine, a one-year jail sentence with all but ten days suspended, and twelve months of probation. The guilty plea was submitted in writing. The plea was formally accepted by the court in its November 21, 2013 order.

The plea stated Bugely understood the maximum sentence was imprisonment not to exceed two years, a $6250 fine, or both. It further stated Bugely "underst[oo]d this court may sentence [him] up to the maximum provided by the law."

The sentencing hearing took place on December 12, 2013. The State honored its agreed recommendation, but the court rejected that recommendation and sentenced Bugely to the maximum term of imprisonment.

Bugely had not requested and trial counsel did not filed a motion in arrest of judgment to preserve a direct challenge to the guilty plea itself. Bugely instead claims ineffective assistance of trial counsel on direct appeal. He asserts he was

not made aware of the court's authority to deviate from the State's recommendation.

## II. Standard of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008). "We will resolve the claims on direct appeal only when the record is adequate." *State v. Clay*, 824 N.W.2d 488, 494. We find the record adequate to decide whether Bugely's counsel was ineffective by allowing him to plead guilty and failing to move in arrest of judgment.

## III. Discussion

"To prevail on a claim of ineffective assistance of counsel, the defendant must prove that his counsel failed to perform an essential duty and that the defendant suffered prejudice as a result of this failure." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999). We begin under a presumption that counsel acted competently. *Hannan v. State*, 732 N.W.2d 45, 50 (Iowa 2007).

Though Bugely's primary assertion on appeal concerns the effectiveness of his trial counsel, most of his arguments are presented as a direct challenge to the guilty plea itself. A guilty plea must be voluntary—i.e., knowing, intelligent, and free from compulsion—to be valid. *State v. Loye*, 670 N.W.2d 141, 150 (Iowa 2003); *see* Iowa R. Crim. P. 2.8(2)(b). However, "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). Bugely attempts to avoid this error preservation issue by asserting that his counsel rendered ineffective assistance by failing to move in arrest of judgment because his guilty plea was not voluntary.

He claims the plea was not voluntary because it was made without a sufficient understanding of the difference between the State's recommendation and the court's ultimate discretion.[1]

The district court may accept a written plea of guilty to a serious or aggravated misdemeanor in lieu of an in-court colloquy if the writing is in substantial compliance with the Iowa Rules' requirement of sufficiently informing the defendant of his rights and the effects of a guilty plea. *State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004). Iowa Rule of Criminal Procedure 2.8(2)(b) provides:

> Before accepting a plea of guilty, the court must . . . determine that the defendant understands[] the following:
>
> (1) The nature of the charge to which the plea is offered.
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
>
> (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.
>
> (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
>
> (5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

Bugely's written guilty plea expressly stated that he understands all of the relevant information and attendant waivers.

---

[1] He further claims a written guilty plea was not sufficient and the district court erred in accepting it. However, we do not review for district court error on this appeal.

On appeal Bugely asserts the district court failed to expressly discharge its duty under Rule 2.8(2)(b), which created a duty in his trial counsel to move in arrest of judgment. However, we find the court's November 21 order is an explicit—not implicit—and proper discharge of its duty. The terms of the plea show Bugely's knowledge that the court could deviate from the State's recommendation. In his plea, Bugely states, "I understand this court may sentence me up to the maximum provided by the law." Bugely now contends this language "fails to apprise [him] of the effect of the plea bargain upon the court's discretion." To the contrary, the language of his plea demonstrates that he *was* apprised that the plea bargain was not binding on the court.

Bugely cites to *State v. Runge*, 228 N.W.2d 35 (Iowa 1975), for support. In *Runge*, our supreme court held a lay person's understanding of the court's discretion may not be in line with the reality of the court's discretion. *Id.* at 37. However, the court in *Runge* was faced with circumstances that are not present in the instant case. In *Runge*, the sentencing court told the prosecution and defense in advance that it would not honor the State's recommendation based on the court's own personal "policy" relative to the specific crime charged. *Id.* Neither party communicated that fact to the defendant. *Id.* Further, the State failed to even present the agreed-upon recommendation to the court. *Id.* The *Runge* court therefore found the plea was induced and the agreement dishonored. *Id.*

The facts of this case are distinguishable. There is no indication that the State or Bugely's counsel knew the court would depart from the State's recommendation. The State followed through with its agreement to recommend

a less-severe sentence. The plea itself described the maximum sentence and acknowledged that the court could impose that sentence. It also described the State's actions in bold-faced type as a *recommendation*. The court, the State, and Bugely's counsel properly relied on that language to establish the voluntariness of the guilty plea.

Based on the record, Bugely's counsel did not render ineffective assistance by failing to file a motion in arrest of judgment unless she knew the plea was actually not voluntary or was in some other way defective and would merit the motion. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise issues that have no merit."). Nothing in the record suggests that counsel had such knowledge, that Bugely was induced to plead guilty, or that Bugely was not informed of the consequences of the plea. Bugely has not overcome the presumption that his trial counsel performed competently. On the record before us, Bugely's trial counsel took adequate steps to inform him of the consequences of pleading guilty and was not under an obligation to move in arrest of judgment following the guilty plea.

**AFFIRMED.**